# FLETCHER v. STATE.
## (No. 674.)

CRIMINAL LAW — PERJURY — ELEMENTS OF OFFENSE — BURDEN OF PROOF—MATERIALITY OF FALSE TESTIMONY—QUESTION FOR COURT—EVIDENCE—ADMISSIBILITY—SUFFICIENCY—QUESTION FOR JURY—APPEAL AND ERROR—FAILURE TO OBJECT OR EXCEPT TO INSTRUCTION—PROOF AND VARIANCE—OFFICIAL STENOGRAPHIC NOTES AS EVIDENCE.

1. Upon the trial of one charged with perjury the burden is upon the state to prove beyond a reasonable doubt all of the material averments constituting the crime.

2. On a trial for perjury the state must prove the materiality of the alleged false testimony in the trial of the case in which it was given, that the defendant testified as alleged, and that his evidence was knowingly and corruptly false, and if the state fails to prove either of these elements of the crime the defendant is entitled to an acquittal.

3. Where, on a trial for perjury, there is no dispute as to what the alleged false evidence was, its materiality in the case in which it was given is a question of law for the court, upon proof of other evidence given upon the trial of the former case.

4. On a trial for perjury, based on alleged false testimony given by the accused in support of an alibi relied on by a third person on trial for assaulting a female, the testimony of the prosecutrix given on the trial of the assault case was admissible only on the question of the materiality of the alleged false testimony, and an instruction was properly given that it did not prove, or tend to prove, the falsity of the testimony on which the perjury was assigned.

5. On a trial for perjury based on false testimony by the accused in support of an alibi relied on by a third person on trial for assaulting a female, it was not necessary for the state to prove that such assault occurred, but it was sufficient to prove that the presence of the one charged with the assault at the time and place alleged was a material issue in the trial of that case, and that the evidence on which the perjury is assigned was corruptly and falsely given during that trial and upon that issue.

6. The alleged false testimony, and the evidence of other testimony in the assault case is stated, and *held* to show that the false evidence was material upon the issue in the former case.

7. On a trial for perjury it is incumbent upon the state to prove that issue was joined upon the trial of the case in which· ·. the alleged false testimony was given.

8. Where the defendant on a trial for perjury was charged with· having given false testimony on the trial of a third person charged with assault upon a female, *held,* that the main issue in the assault case, if any, was the guilt or innocence· of the felonious assault with which the defendant therein stood charged, and that issues·which arose in the trial of that case which were collateral and material to the main issue would constitute a basis for the assignment of perjury if false testimony was knowingly given thereon, but if there was no main issue or proof of issue joined, then there could be no collateral issue.

9. In a criminal case the information or indictment and the plea of not guilty thereto or its equivalent constitutes the issue for trial.

10. The statement indorsed or recorded upon an indictment or information, as required by statute, that the defendant was arraigned and plead not guilty does not constitute any part of the information, but is a record of the plea interposed by the defendant; the information is separate and distinct from the record of the plea, and the mere introduction of the information in evidence on a trial for perjury based on the giving of false testimony on a trial for an offense charged in the information does not place the record of the plea indorsed upon the information in evidence, nor prove that issue was joined upon the information, and in the perjury trial it appearing that there had been no other proof of issue joined, *held,* that a verdict of guilty should· be set aside.

11. Where, on a trial for perjury, based on false testimony by the accused in support of an alibi relied on by a third person on trial for assaulting a female on December 26th, it was shown by the prosecution that certain work under the supervision of said third person began December 30th and· continued until January 8th, and the defense showed that the work began on December 23d and was continuous, except one Sunday, *held* that testimony was admissible, as bearing on the theory of the prosecution, that said third· person left the place of work on the morning of January 8th.

12. When, on a trial for perjury, the question as to whether the· alleged false testimony was given upon the former trial is in dispute, the question as to whether it was given is a·

question of fact for the jury, and its materiality, if the jury find that it was given, is one for the court, and hence the testimony upon which the materiality of such evidence depends, if in dispute, must be submitted to the jury, for it is then a question of fact.

13.  On a trial for perjury the evidence bearing upon the materiality of the alleged false testimony in the case in which it was given not being in dispute, it is error for the court to rule upon its materiality in the case in which it was given, in the absence of proof of issue joined in that case, basing its materiality alone upon the evidence in that case introduced on the trial for perjury.

14.  Where no objection or exception was taken to the giving of an instruction, the instruction is not reviewable on error.

15.  An averment in an information charging perjury that the defendant appeared as a witness upon a trial of a cause in a District Court named, wherein the alleged false testimony was given, and was in due form of law sworn by the court having competent authority and full power to administer to him the oath of a witness before said court, is supported by proof that the oath was administered by the court through and by its clerk, since the court usually acts in such matters by its clerk, who is authorized to administer such an oath, and in doing so acts under the direction of the court.

16.  Where, on a trial for perjury, the state desires to introduce in evidence the notes of the official stenographer of the testimony of witnesses given upon the trial wherein the alleged false testimony was given, it is safer to lay a foundation by inquiry as to the correctness of the notes from which the stenographer is permitted to read, but whether such notes are properly admitted without such inquiry is not decided.

[Decided April 25, 1912.]                    (123 Pac. 80.)

ERROR to the District Court, Laramie County; HON. CHARLES E. CARPENTER, Judge.

C. D. Fletcher was charged with the crime of perjury and convicted, and prosecuted error. The charge of perjury was based upon alleged false testimony given on the trial of the case of State v. Anthony Wilde, wherein said Wilde was charged with a felonious assault with an intent to commit rape upon one Bernice Wells. The other material facts are stated in the opinion.

*W. B. Ross,* for plaintiff in error.

There is no legal presumption under our statutes of 'the correctness of the notes of the official stenographer, when the same are offered as evidence in another case, the stenographer testifying merely from his notes. Such notes are not *per se* correct. The person who produces them and is asked to testify from them must be able to say that they are correct, that he took the notes down correctly, and that as given or read in evidence they are correct. Otherwise the evidence is inadmissible. (1 Thomp. on Trials, Sec. 504; 9 Ency. of Ev. 759; 3 Wig. Ev., Sec. 669; 1 Greenleaf on Ev., Sec. 437; Underhill Cr. Ev., Sec. 470; Jones on Ev., Sec. 343, 877-878, 881; Barksdale v. Inv. Co., (Ga.) 47 S. E. 943; Wright v. Wright, (Kan.) 50 Pac. 444; St. L. &c. v. Rea, (Tex.) 84 S. W. 428; Williams v. Min. Co., (Colo.) 86 Pac. 337; Smith v. Scully, (Kan.) 71 Pac. 249; Packham v. Ludwig, (Md.) 63 Atl. 1048; Jordan v. Howe, (Neb.) 95 N. W. 853; Studebaker v. Faylor, (Ind.) 83 N. E. 747; Lipscomb v. Lyon, (Neb.) 27 N. W. 731; Smith v. Hine, (Pa.) 36 Atl. 222; Odell v. Solomon, 4 N. Y. S. 440; Reynolds v. Fitzpatrick, (Mont.) 72 Pac. 510; Robins v. Barton, (Kan.) 58 Pac. 279; People v. Macard, (Mich.) 67 N. W. 968; Dickerson v. State, (Wyo.) 111 Pac. 857.) Section 944, Compiled Statutes, 1910, has reference simply to the transcript of evidence written out and certified by the official stenographer, and has no reference to his testimony when called as a witness. (Reid v. Reid, (Cal.) 14 Pac. 781; Kirchner v. Laughlin, (N. M.) 23 Pac. 175; State v. Morgan, (Utah) 74 Pac. 526.) It was error to exclude evidence offered by the defense that Wilde was in Cheyenne on January 8, 1908. The theory of the prosecution seems to have been that as testimony was given in the assault case as to the incidents of December 23d and 25th, and that testimony was claimed to be false, it was incumbent upon the prosecution merely to show the falsity of those incidents, or rather that if they occurred they did not occur on said dates, but must have occurred after December 30th. We submit

that that theory is erroneous. On a trial for perjury it is essential that the alleged false testimony be shown to have been material in the matter wherein it was given. (Whart. Cr Law, Sec. 1304; 2 Bish. Cr. Law, Secs. 1030-1040; 30 Cyc. 1417-1418; Comp. Stat. 1910, Sec. 5921.) It is not sufficient that the testimonwy be closely connected with the transaction or issue under investigation or upon trial; it must appear that it bore either directly or circumstantially upon the point in issue, and also that it must have been material to the particular point. (People v. Perazzo, 64 Cal. 106; Pollard v. State, 69 Ill. 148; Sloan v. State, 71 Miss. 459; Jennings v. State, (Miss.) 7 So. 462; Crump v. Comm., 75 Va. 922; People v. Teal, (N. Y.) 89 N. E. 1086; Shevalier v. State, (Neb.) 123 N. W. 424; People v. Lem You, (Cal.) 32 Pac. 11; State v. Hattaway, (N. C.) 2 N. & McC. 440; Rich v. U. S., (Okla.) 33 Pac. 804; People v. Ah Sing, (Cal.) 30 Pac. 796; State v. Dineen, (Mo.) 102 S. W. 480; U. S. v. Pettus, 84 Fed. 791; State v. Smith, (Kan.) 20 Pac. 529; Ligget v. State, (Tex.) 83 S. W. 807; Nelson v. State, 47 Miss. 621; State v. Dodd, 7 N. C. 226; Comm. v. Pollard, 12 Metc. (Mass.) 225; Studdard v. Linville, 10 N. C. 474; U. S. v. Shinn, 14 Fed. 447.) The prosecution must show the materiality. (Comp. Stat. 1910, Sec. 5921; 30 Cyc. 1436, 1446, 1450-1451, 1443-1444; 9 Ency. Ev. 755-756; Sloan v. State, supra; People v. Ah Sing, supra; Shevalier v. State, supra; Wood v. People, 59 N. Y. 117; Brown v. State, (Fla.) 36 So. 705; Maroney. v. State, (Tex.) 78 S. W. 696; Underhill on Cr. Ev. 467; Rich v. U. S., (Okla.) 33 Pac. 804; Grissom v. State, (Ark.) 113 S. W. 1011; Lawrence v. State, 2 Tex. App. 479; Bledsoe v. State, (Ark.) 42 S. W. 899; Brown v. State, supra; State v. Camley, (Vt.) 31 Atl. 840; Young v. People, (Ill.) 24 N. E. 1070; State v. Gibbs, Mont.) 10 L. R. A. 749; Wilkinson v. People, (Ill.) 80 N. E. 699; State v. Vandemark, (Conn.) 58 Atl. 715; People v. Collins, (Cal.) 92 Pac. 513; People v. Chadwick, (Cal.) 87 Pac. 384; Dickerson v. State, (Wyo.) 111 Pac. 857.)

Where the alleged perjury is based upon testimony in support of an alibi, such testimony to be material must plainly tend to place the accused party at some other place at the time of the alleged offense. The offense for which Wilde was being tried was alleged to have been committed at the Wells cottage in the afternoon of December 26th or 27th. Plainly, testimony to the effect that Wilde was cutting ice two miles from the cottage on the 23rd or 25th could not be material. A reference to the decided cases will show that whenever testimony to establish an alibi was made the basis of a perjury charge the direct tendency of the testimony was to put the accused at another place at the time of the offense. (Sanders v. People, 124 Ill. 218, 16 N. E. 81; Brown v. State, 57 Miss. 424; State v. Gibbs, (Mont.) 10 L. R. A. 749; Tellis v. State, (Tex.) 61 S. W. 717; State v. John, (Ia.) 93 N. W. 61; Grady v. State, (Tex.) 90 S. W. 38; McCoy v. State, (Tex.) 73 S. W. 1057; Comm. v. Flynn, 57 Mass. 525.) Although it is sufficient that the perjured testimony be collaterally material, it is meant thereby that it is circumstantially material, the effect being that the testimony must have been such as to influence a decision upon the issue before the court; but the influence must arise from the legal tendency of the testimony. (22. Ency. Law, (2nd Ed.) 686-688; 9 Ency. Ev. 755-756; 2 Whart. Cr. Law, Sec. 1277; 2 Bish. Cr. Law, Sec. 1032; 30 Cyc. 1418-1419; State v. Moran, (Mo.) 115 S. W. 1126; Washington v. State, (Tex.) 3 S. W. 228; Davidson v. State, (Tex.) 3 S. W. 662; Hanscom v. State, (Wis.) 67 N. W. 419; People v. Greenwell, (Utah) 13 Pac. 89; Robertson v. State, (Ark.) 16 S. W. 582; Henderson v. People, (Ill.) 7 N. E. 677; State v. Trask, 42 Vt. 152; Comm. v. Byron, 14 Gray, 31; Comm. v. Monahan, 9 Gray, 119; Maddox v. State, (Tex.) 13 S. W. 862; Hembree v. State, 52 Ga. 242; People v. Ah Sing, supra.) The testimony as to collateral facts is not material unless such collateral facts are testified to by the witness who also testifies to the material facts. (2 Whart. Cr. Law, Sec. 1277; 2 Bish.

Cr. Law, Sec. 1037; People v. Root, 87 N. Y. Supp. 962.)
The material allegations in an information for perjury must
be proven beyond a reasonable doubt as in any other crim-
inal case. A fatal defect in the evidence for the prosecution
in this case results from the fact that it was not shown on
the trial of this plaintiff in error that Wilde, the accused in
the former case, was at the Wells cottage on the afternoon
of December 26th or 27th. Whether the alleged false testi-
mony is material or not is a question of law. Where the
facts themselves are disputed the materiality must be sub-
mitted to the jury with proper instructions. (2 Whart. Cr.
Law, Sec. 1284; 2 Bish. Cr. Law, Sec. 1039; 9 Ency. Ev.
765-767; 22 Ency. Law, (2nd Ed.) 688; 30 Cyc. 1456; U.
S. v. Shinn, 14 Fed. 447; State v. Brown, (La.) 35 So. 501;
State v. Kennerly, 10 Rich. Law, (S. C.) 152; Lawrence v.
State, 2 Tex. App. 479; Marvin v. State, (Ark.) 14 S. W.
87; Nelson v. State, 32 Ark. 192; Dickerson v. State,
supra.)

The instruction that the record in the former trial of
Wilde was introduced for the purpose of showing that the
alleged perjury was committed in that cause as charged in
the information, and not as proof of the perjury or falsity
of the testimony, did not go far enough. The jury should
have been instructed not only as to the record proper con-
sisting of the information and journal entries in the assault
case, but there should have been included in the instruction
the testimony given by the stenographer as to the evidence
in the assault case of Bernice Wells, the prosecutrix. (Dick-
erson v. State, supra; Whart. Cr. Ev., Sec. 602a; Maddox
v. State, supra; State v. Vandemark, (Conn.) 58 Atl. 715;
Freeman v. State, (Tex.) 67 S. W. 499.)

D. A. Preston, Attorney General, and C. L. Rigdon, Coun-
ty and Prosecuting Attorney of Laramie County, for the
state.

The notes of the official stenographer from which he tes-
tified on this trial for perjury were made at the time the
testimony was taken, and it was the duty of the stenog-

rapher to make them correctly. He testified on this trial
that he could state from his notes what the testimony given
at the former trial of Wilde was. This made his testimony
admissible. (State v. Smith, 99 Ia. 26; People v. Macard,
(Mich.) 67 N. W. 968; State v. Camley, (Vt.) 31 Atl.
840; Heflin v. State, 88 Ga. 151; 4 Elliott's Ev., Sec. 3084.)
The authorities cited by opposing counsel on this question
are not in point, for in this case no question of the introduc-
tion of a transcript of the stenographic notes is in issue.
The offered testimony to the effect that Wilde was in Chey-
enne on January 8th was properly excluded. If admitted it
could only have been cumulative, tending to support the evi-
dence of the prosecution as well as evidence which had al-
ready been introduced on the part of the defense, and it did
not contradict the evidence of any witness. If error at all it
was not prejudicial.

It is conceded that the testimony alleged to be false must
be material in the case in which it was given, and that it
must be shown on the trial of the perjury case that such false
testimony was material. It is not necessary, however, that
such testimony should have been material to the fact mainly
in issue. If it was material to any circumstance legitimately
tending to prove or disprove the main fact in issue, or to
strengthen or weaken the testimony given by the prosecutrix
with reference to the main fact in issue, or if it was in any
manner circumstantially or collaterally material, it is suf-
ficient. (2 Bish. New Cr. Law, secs. 1032, 1036, 1037; 2
McClain's Cr. Law, sec. 862; 3 Russell on Crimes, 12; 3
Greenleaf's Ev. (16th Ed.) 195; 22 Ency. Law, (2nd Ed.)
686-688; 9 Ency. Ev. 755-756; 2 Whart. Cr. Law. sec.
1277; 3 Cyc., 1418, 1419; Dilcher v. State, 39 O. St. 130;
State v. Clogston, 63 Vt. 215; Macklin v. People, 115 Ill.
312; State v. Day, 100 Mo. 242; State v. Hunt, 137 Ind.
537; Williams v. State, 68 Ala. 551; Robinson v. State, 18
Fla. 898; U. S. v. Landsberg, 23 Fed. 585; Hanscom v.
State, 93 Wis. 273; Comm. v. Parker, 2 Cush. 212; Com.
v. Grant, 116 Mass. 17; State v. Voorhees, 52 N. J. L. 351;

Henderson v. People, 117 Ill. 265; Dickerson v. State, 111 Pac. 857.)

It hardly seems necessary to discuss the point suggested by counsel for plaintiff in error that it was necessary to prove the presence of Wilde at the place of the alleged assault. The only materiality in this perjury trial of evidence that Wilde was at the Wells cottage on December 26th would be its tendency to prove or disprove the alleged false testimony that Wilde was hurt upon the ice on December 25th. The question whether Wilde was at Hartville on December 26th or at the Wells cottage on that day became immaterial upon the trial of the perjury case. The materiality of the alleged false testimony having been once established, the only question that remained was the falsity of the testimony. The testimony which Fletcher gave upon the former trial was sufficiently shown to be material. The court properly and sufficiently instructed the jury not to consider the testimony given in the assault case as proof of the perjury, or of the falsity of the testimony alleged in the information. The evidence given in the former trial was considered a part of the record in that case. There was no dispute as to the truth of the facts. On the question of materiality it was admitted that the witness testified in the assault case as shown by the prosecution on this trial for perjury. (U. S. v. Shinn, 14 Fed. 447; Dickerson v. State, 111 Pac. 857.)

SCOTT, JUSTICE.

The plaintiff in error (defendant below) was charged by information duly filed in the District Court of Laramie County on June 4, 1909, tried, convicted and judgment pronounced against him for the crime of perjury. He brings the case here on error.

The charging part of the information is as follows: "That C. D. Fletcher, late of the county aforesaid, on the 21st day of December, A. D. 1908, at the County of Laramie, in the State of Wyoming, did before the District Court of the First Judicial District, sitting in and for the County of Laramie, in the State of Wyoming, Honorable R. N. Matson, judge

of said court, presiding, on an issue within the jurisdiction
.of said court duly joined and trial before a jury of the
county in that behalf duly sworn, on a charge of felonious
assault with intent to commit rape, between the State of
Wyoming as plaintiff, and Anthony Wilde as defendant, did
then and there appear as a witness upon the hearing thereof,
and was in due form of law sworn by said court having com-
petent authority and full power to administer to him the oath
of a witness before said court; whereupon it then and there
became and was a question material to said issue whether
Anthony Wilde, defendant in said case, with a crew or gang
of men began and commenced putting up ice in the ice house
of C. D. Fletcher and Anthony Wilde on the 23rd day of
December, 1907, and whether said Anthony Wilde, was
present at said ice house of the said C. D. Fletcher and
Anthony Wilde, engaged in putting up ice in said ice house,
on the 25th day of December, 1907, and whether the said
Anthony Wilde was injured at said ice house on the 25th
day of December, 1907, and to this the said C. D. Fletcher
did then and there feloniously, knowingly, wilfully, cor-
ruptly and falsely upon such oath as aforesaid swear, testify
and say, in substance and effect, that the said Anthony
Wilde, with said crew of men, began and commenced putting
up ice at said ice house on the 23rd day of December, 1907,
and that the said Anthony Wilde was present at said ice
house and engaged in the work of putting up said ice on the
25th day of December, 1907, and that the said Anthony
Wilde was injured at said ice house on said day, whereas in
truth and in fact as the said C. D. Fletcher then and there
well knew, said testimony and matters as aforesaid by him,
testified to and declared to be true were false and untrue,
and the said Anthony Wilde with said crew of men did not
begin putting up ice in the ice house of C. D. Fletcher and
.Anthony Wilde on the 23rd day of December, 1907, but
began putting up ice with said crew of men on the 30th day
of December, 1907, and the said Anthony Wilde was not
present at the said ice house and engaged in the putting up

of said ice on the 25th day of December, 1907, and was not injured on said day at said place; and so the said C. D. Fletcher did then and there in manner and form as aforesaid commit wilful and corrupt perjury; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Wyoming."

Upon the trial of Wilde for the alleged felonious assault evidence of the state tended to show that the offense was committed at about two o'clock on the afternoon of December 26, 1907. The evidence of Bernice Wells, the prosecutrix, given in that case as shown by the transcript of her evidence here introduced tended to show that Wilde rode on horseback to the home of prosecutrix, dismounted and entered her house where she was alone between 12 and 1 o'clock in the afternoon, inquired if she had seen a horse of his for which he was in search, and upon her answer that she had not, rode away and returned about 2 o'clock riding a different horse which he hitched about 300 yards from and re-entered the cottage and committed the assault. The defense in that case was in the nature of an alibi, and to the effect that Wilde and his partner with a crew of men commenced putting up ice on December 23d and continued in such work for a period of 10 days and on December 25th, between 8 and 9 o'clock in the morning, in attempting to loosen a saw which had been left in the ice during the preceding night Wilde fell and the saw injured him so that he was unable to ride horseback for sometime thereafter, and that in going to and from his house to his place of business he rode in a wagon always accompanied by someone. There was also evidence of the state tending to prove that the business of putting up the ice did not begin until the 30th day of December and that Wilde was not present at said ice house and engaged in putting up ice on the 25th day of that month and was not injured on said date at that place.

1. It is assigned as error that the evidence does not support the verdict. The burden was upon the state to prove beyond a reasonable doubt all of the material averments con-

stituting the crime charged. Among the material averments it was necessary to prove, first, the materiality of the evidence upon the issue in the trial of the case in which it was given; and, second, that defendant testified as alleged; and, third, that his evidence was knowingly and corruptly false. If the state failed in either of these essential requirements then the judgment must be reversed. There being no dispute as to what the alleged false evidence was, its materiality upon proof of other evidence given upon the trial of the assault case was a question of law for the court. The defense in the assault case was in the nature of an alibi. That is the evidence upon which the perjury is assigned was given in support of the contention that Wilde, the defendant, in the assault case, was not at the home of the prosecutrix when the assault is claimed to have taken place, viz: on the 26th day of December, 1907. The evidence of what the defendant and the prosecutrix testified to at the trial of the assault case was admitted over objection to show the alleged false testimony and its materiality and the evidence there given by the prosecutrix was properly limited to the question of materiality by an instruction to the jury that it did not prove or tend to prove the falsity of the testimony upon which the perjury is assigned. (Dickerson v. State, 18 Wyo. 440, 463, 111 Pac. 857, 116 Pac. 448.)

It is here urged that there is no evidence in this record independent of the transcript of the evidence given by Bernice Wells, the prosecutrix, upon the trial of the assault case, which as we have already stated was not competent as proving the falsity of Wilde's testimony upon which perjury is assigned, tending to show that Wilde, the defendant there, was at the cottage of the prosecutrix on the afternoon of the 26th of December, 1907, at the time and place and where it was claimed in the assault case that the felonious assault occurred, and that for that reason there is a failure of proof. It was not necessary to prove that fact in the case here. It was sufficient that his presence at that time and place was in issue upon the trial of the assault case or in other words

that that question constituted a material issue in the trial of that case and that the evidence upon which the perjury is assigned was corruptly and falsely given during the trial and upon that issue.

It was said by this court in Dickerson v. State, supra, as follows: "In perjury it is not necessary that the alleged false testimony bear directly upon the issue. It is sufficient even though it be upon a collateral matter or constitute material circumstances legitimately tending to prove or disprove facts which are in issue, or if it tend to strengthen or weaken the evidence in support of or against the issue upon the trial in which it was given." As already stated the issue in the assault case was as to the presence of the defendant at the cottage of the prosecutrix on the afternoon of the 26th of December. The defendant here upon the trial of Wilde in the assault case testified in substance that they commenced putting up ice on December 23rd, and on December 25th, between the hours of 8 and 9 o'clock in the morning of that day, Wilde was injured at the ice house and that Wilde rode a horse every day up to the time of the injury in going from his home in Hartville to and returning from the ice house, a distance of about 3½ miles. This evidence tended to negative the claim that he rode to the cottage of the prosecutrix on December 26th. Clearly if he was not at the ice house putting up ice and injured on December 25th he was not incapacitated from riding horseback on December 26th by reason of any injury or supposed injury received by him on December 25th. From the transcript of the evidence of the prosecutrix given by her upon the trial of the assault case she there testified that Wilde rode horseback to her house at about 1 o'clock in the afternoon of December 26, 1907, remained a short time and left, returning again then riding a big bay horse, different from the former and which he hitched about 300 yards from and walked from the place where he hitched the horse to the cottage and entered the same where he assaulted her. The alleged false evidence was thus shown to have been material as affecting his ability

to ride a horse to and his presence at her cottage on that day.

It was, however, incumbent upon the state to prove in the case here that issue was joined upon the trial of the assault case. The main issue in that case if any was the guilt or innocence of a felonious assault with which Wilde, the defendant therein, stood charged. Issues which arose in the trial of that case which were collateral and material to the main issue would constitute a basis for the assignment of perjury if false testimony was knowingly given thereon. If, however, there was no main issue or proof of issue joined then there could be no collateral issue thereto. In the case before us the information as shown by the bill of exceptions was introduced and read to the jury. The record of the arraignment and plea is as follows: "December 19, 1908, defendant arraigned; plead not guilty." This record constitutes no part of the information but is a record of the plea interposed by the defendant. Sec. 6198, Comp. Stat., provides that "If the accused plead 'not guilty' the plea shall be recorded on the indictment or information." By the terms of this statute the plea shall be *recorded* on the information or indictment. Such record forms no more a part of the information than it does of an indictment. The information is separate and distinct from the record of the plea, and exists, independent of the plea before and after the record of the latter. The information or indictment and the plea of not guilty thereto or its equivalent constitutes the issue for trial. In the case here the bill shows that the information was admitted in evidence and read to the jury but no record of the plea of not guilty by the defendant, or that circumstances arose so as to authorize the court to enter such plea (sec. 6197, Comp. Stat.) was offered in evidence. The record of the plea upon the information as above did not go to the jury upon the introduction of and reading the information to the jury. The statute makes the distinction between the information and the record of the plea. It is uniformly held that there can be no valid trial on a charge

of felony without a plea of not guilty. (1 Bishop New Cr. Proc., sec. 773) for there is then no issue for trial. (12 Cyc., 344; 2 Ency. Pl. & Pr. 770.) Assuming this to be the correct rule as applicable to procedure in a felony case we need not discuss what it would be in a misdemeanor case, for the defense in the assault case was an alibi. If not guilty upon this defense of the felonious assault the defendant was not guilty of any of the lesser degrees of the crime there charged, and for that reason the failure to prove issue with reference to the felonious assault would raise no presumption of issue for trial of a misdemeanor. We are therefore of the opinion that the verdict is not sustained by the evidence in the absence of proof of joinder of issue in the assault case and that the court erred in overruling defendant's motion for a new trial upon this ground.

2. It was contended by the prosecution that Wilde and his partner commenced cutting ice on December 30th and two of the witnesses for the state so testified and that it continued for a period of and took ten days to complete the work and that they quit on January 8, 1908. This testimony would place Wilde at the place of cutting the ice at least until the night of January 8th. Testimony was offered by the defendant to show that Wilde started for Cheyenne in the morning and that he arrived in Cheyenne at about 7 p. m. of that day. This offer was rejected. The evidence tends to show that the cutting of the ice was immediately under the supervision and direction of Wilde from the time the work commenced until completed. The witnesses agree that the period of ten days was consumed in putting up the ice. The witnesses for the defense testified that the work commenced on December 23rd, and was continuous except one Sunday the crew laid off and spent in Hartville. The witnesses for the state testified that the work commenced December 30th, was continuous and lasted for a period of ten days and that the crew laid off and spent one Sunday in Hartville and that Wilde was injured on January 2nd. It is apparent that if Wilde had personal charge and super-

vision of the ice crew continuously from the time it commenced work until it quit then the ice crew was not at work on January 8th if he was on his way to Cheyenne on that day and this would have a material bearing upon the state's theory that the work commenced on December 30th and that Wilde was injured on January 2nd instead of on December 25th as contended by Wilde. We are of the opinion that the court erred in rejecting the testimony.

3. The court refused defendant's request to instruct the jury that the material averments of the information as to the incidents of the 23rd and the 25th of December must be proved beyond a reasonable doubt and that if they entertained any reasonable doubt that those incidents became material on the assault case they must acquit. The refusal of the court to so instruct is here assigned as error.

It is admitted by plaintiff in error in his brief that where there is no dispute in the proof bearing upon the materiality of the evidence upon which perjury is assigned its materiality is for the court. It is so held by this court in Dickerson v. State, supra. When, however, the question as to whether such evidence was given is in dispute the question as to whether it was given is a question of fact for the jury and its materiality if the jury find that it was given is one for the court. It is referred to in the decisions and text books in the latter case as being a mixed question of law and fact, but in so far as its materiality is concerned it still remains one of law. The testimony upon which the materiality of such evidence depends if in dispute must be submitted to the jury for it is then a question of fact and properly comes within the province of the jury. The evidence bearing upon the materiality in the case here was not in dispute for the testimony given as charged in the information was not disputed upon the trial and the court erroneously ruled upon its materiality in the case in which it was given in the absence of proof of issue therein, basing its ruling alone upon the evidence given in that case and here introduced. It follows that the refusal to instruct as requested was proper upon the

record here presented since it was not shown that issue was joined in the assault case.

4. It is here urged that the court erred in giving instruction No. 1 at the request of the state. There was no objection or exception to the giving of this instruction. The question is not for that reason here for review and need not be considered.

5. The court at the request of the state over the objection of the defendant gave to the jury the following instruction, viz:

"If you find from the evidence beyond a reasonable doubt that the defendant was sworn as a witness by T. J. Fisher, Clerk of the District Court of the First Judicial District, on a trial of a charge of felonious assault with intent to commit rape between the State of Wyoming as plaintiff and Anthony Wilde as defendant, pending before the District Court of the First Judicial sitting in and for the County of Laramie and the State of Wyoming; that T. J. Fisher was Clerk of said court at said time; that said oath was in compliance with law; that upon said trial the defendant testified upon oath in substance and effect that Anthony Wilde with a crew of men began putting up ice at the ice house of Fletcher and Wilde on the 23rd day of December, 1907; or that the said Anthony Wilde was present when said ice was being put up at the ice house of Fletcher and Wilde on the 25th day of December, 1907, and that he was injured at said place when said ice was being put up on said 25th day of December, 1907; and that said testimony was false and that defendant knew it to be false at the time he so testified, then you must find the defendant guilty." The averment in the information that the defendant "did then and there appear as a witness * * * and was in due form of law sworn by said court having competent authority and full power to administer to him the oath of a witness before said court" was supported by proof that the oath was administered by the court through and by its clerk. The court usually acts in such matters by its clerk who is authorized

to administer such an oath (sec. 5157, Comp. Stat.) and in doing so he acts under the direction of the court. (Sec. 4281, Comp. Stat.) The error is not inherent in the instruction but in giving it at all upon the facts as disclosed by the record. In the absence of proof of issue in the assault case the evidence was insufficient to support the verdict here and it became wholly immaterial as to where Wilde was or what occurred on the 23rd or 25th of December. Whether Wilde was injured or was putting up ice on the 25th could not be material in the absence of proof of such issue.

6. Objection was made to the evidence of the official stenographer as to what the defendant here and the prosecutrix in the assault case swore to upon the trial of that case on the ground that the stenographer did not testify that the translation of his stenographic notes was correct or that the stenographic notes of the evidence were correct. Inasmuch as the judgment must be reversed and a new trial granted upon other grounds without discussing this question at length we suggest that it is safer to lay a complete foundation for the admission of such testimony by inquiry as to the correctness of the notes from which the stenographer is permitted to read. Carefulness and prudence should be the guide of a prosecutor so as to avoid a question or mistake that might result in rendering futile his efforts to secure a valid conviction.

Eliminating the question of the competency of the stenographer's notes upon the showing made by this record we are of the opinion that for other reasons hereinbefore stated the judgment should be reversed and that the case should be remanded for a new trial.                    *Reversed.*

BEARD, C. J., and POTTER, J., concur.