## HENRY HUFFINE v. STATE.

No. A-2263.   Opinion Filed March 24, 1917.

(163 Pac. 557.)

PERJURY—Materiality of Testimony.  To constitute perjury under the common law or our statute (Rev. Laws 1910, sec. 2211), the false testimony must be material to some issue or question in controversy, hence, where there is no issue pending or question in controversy, a statement under oath, although it be false, cannot be made the basis of a charge of perjury.

*Error from District Court, Tillman County;
Frank Mathews, Judge.*

Henry Huffine was convicted of perjury, and he brings error. Reversed and remanded, with directions to dismiss the case.

*Mounts & Davis,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

BRETT, J.  Plaintiff in error, Henry Huffine, was convicted of perjury, and sentenced to serve one year and one day in the penitentiary. This charge of perjury was based upon testimony given by plaintiff in error in a court of inquiry held by the county judge of Tillman county on the 18th day of August, 1913. In that court of inquiry the plaintiff in error was asked if he purchased any whisky of Joe Hodge on the night of August 16, 1914. And he answered that he did not.

In the trial of the case at bar there was much evidence offered on behalf of the state to show that the plaintiff in error did purchase a quart of whisky of Joe Hodge on the night of the 16th, and that consequently his statement before the court of inquiry was false.

The plaintiff in error attempted to explain that he had only conditionally bargained with Hodge for a quart of whisky, but that he refused to accept it, on account of its quality, and that the sale was therefore never consummated. But under the record it will be unnecessary to go into the issues raised by these facts; for the state proved that on August 17th, the day just preceding this court of inquiry, Hodge pleaded guilty to the charge of selling this whisky to the plaintiff in error. On direct examination on this question Hodge testified that he was first taken before the city court, and he was asked by the county attorney:

"Q. When was it with respect to the time you sold this whisky? A. The next day. Q. What did they charge you with? A. Selling whisky. Q. This transaction you have testified about? A. Yes, sir. Q. Did you enter a plea at that time in that court? A. Yes, sir; I pleaded guilty. Q. Did you pay a fine? A. Yes, sir."

And on cross-examination he says they then took him to the county attorney, and he was asked:

"Q. Did they file a case against you in the county court? A. Yes, sir. Q. You pleaded guilty to that charge, didn't you? A. Yes, sir."

At the conclusion of the state's evidence the plaintiff in error interposed a demurrer to the evidence; one of the grounds of the demurrer being that the state's evidence showed that the testimony given by the plaintiff in error in the court of inquiry was not material to any issue. The demurrer was overruled; and that ruling of the court is assigned as error. And we think the assignment is well taken.

When Hodge pleaded guilty to selling the plaintiff in error this whisky, that foreclosed any issue on that ques-

tion.   The plaintiff in error's testimony could not affect the status of Hodge or the state.   Hence it was immaterial to the state, or to Hodge, as to whether the plaintiff in error testified that he did or did not purchase the whisky.   There was no controversy between the state and Hodge on that question; no issue which the plaintiff in error's testimony could affect, either one way or the other; consequently his testimony was wholly immaterial to the legal status or rights of any one.   And under the law, even though his statement was false, under these conditions, it would not constitute perjury.

Our statute (Rev. Laws 1910, sec. 2211) in defining perjury, among other things, says:

A person under oath that "willfully and contrary to such oath, states any material matter which he knows to be false, is guilty of perjury."

And section 2216 says:

"It is no defense to a prosecution for perjury that the accused did not know the materiality of the false statement made by him; or that it did not in fact affect the proceeding in or for which it was made.   It is sufficient that it was material, and might have been used to affect such proceeding."

In the instant case at the time the false testimony was given there was no proceeding either pending or in contemplation which the testimony of plaintiff in error could affect or in the determination of which it could be made material.   The legal status of Hodge and the rights of the state had already been fixed and determined by Hodge's plea of guilty.   There was nothing left to try. Neither Hodge nor the state could be either helped or hurt or in any way affected by what the plaintiff in error

would testify concerning the transaction to which Hodge had already pleaded guilty.

There are other assignments, but, as the case must be reversed for the reason above stated, we deem it unnecessary to consider the matter further.

The judgment is reversed, and the cause remanded with directions to dismiss the case.

DOYLE, P. J., and ARMSTRONG, J., concur.