# W. W. WASHBURN v. STATE.

No. A-7342.   Opinion Filed May 17, 1930.
(288 Pac. 371.)

L. A. Wallace, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Okmulgee county on a charge of perjury and was sentenced to serve a term of five years in the state penitentiary.

The information alleges, in substance, that defendant was produced as a witness in the district court in a case wherein the state prosecuted one Jack Whitehead, charged with murder. That he was sworn as a witness by the deputy court clerk, and it then became a material question in the trial of said cause whether or not said Whitehead was present at the city of Beggs at the hour of 10:45 to 11 a. m. May 18, 1927. That defendant did testify, in substance, that he shaved said Whitehead at the town of Hallett between the hours of 9:26 and 10 o'clock a. m., May 18, 1927; that said Whitehead was not in Beggs between the hours of 10:45 and 11 a. m., May 18, 1927, but was in Hallett, some 100 miles north of Beggs. That said testimony was false and untrue, etc.

The state proved that defendant was sworn as a witness in the case of State v. Jack Whitehead, that he testified in substance that he was a barber and on May 18 he shaved said Whitehead between 9:26 and 10 o'clock a. m. It was further proved that the distance between Hallett and Beggs is 69 and a fraction miles; that under the conditions of the dirt road between the two places it would require not less than 1 hour and 45 minutes to drive from one town to the other. Roy Wilson testified for the state that he participated in the robbery of the bank at Beggs in which W. J. McAnally was killed, and that Whitehead was one of the participants in the robbery and homicide. Whitehead, who was defendant in the case in which the perjury is charged to have been committed, testified for defendant in substance that he had been convicted for the murder of McAnally and was serving a life sentence in the penitentiary; that he was shaved at the shop of defendant at about the time testified to by defendant, and then drove from Hallett to Beggs and participated in the bank robbery and homicide. He admitted on cross-ex-

amination that he testified at his own trial directly contrary to this and denying his participation in the crime.

Two points are particularly stressed in defendant's brief: First, that the court erred in instructing the jury over defendant's exceptions that the punishment is fixed by the second subdivision of section 1636, Comp. Stat. 1921. Second, that the state wholly failed to prove the materiality of defendant's testimony upon which the charge of perjury is predicated.

Section 1636 is as follows:

"Perjury is punishable by imprisonment in the penitentiary as follows:

"First. When committed on the trial of an indictment for felony, by imprisonment not less than ten years nor more than twenty years. Second. When committed on any other trial or proceeding in a court of justice, by imprisonment for not less than five nor more than ten years. Third. In all other cases by imprisonment not more than five years."

The Attorney General has filed what in effect is a confession of error upon both these principal assignments. Upon the first proposition it is as follows:

"This first question, which the Attorney General considers very serious, may be stated thus:

"This conviction was for false swearing in the trial of Jack Whitehead in the district court of Okmulgee county wherein said Whitehead was being tried on an information charging him with the murder of one McAnally.

"The court, over the objection and exception of defendant, instructed the jury that the punishment was prescribed by the second subdivision of section 1636, supra. It is contended by counsel for defendant here that the punishment for perjury committed on the trial of a felony is fixed by the first subdivision of section 1636, and not

by the second subdivision thereof. The first subdivision of said section provides that perjury committed on the trial of an indictment for felony shall be punishable by imprisonment not less than ten years nor more than twenty years.

"This was the trial of a felony by information instead of indictment. Is the punishment different? We think not.

"Section 1636 is a statute adopted with the Territorial Code. Before statehood a felony could be tried only on a charge by indictment; since statehood felonies may be tried by information as well. Before statehood the language 'on trial of an indictment for felony' was undoubtedly used to distinguish between a trial of a felony where a conviction could follow and a preliminary trial of a felony for the purpose of binding the defendant over to the district court to answer the charge. The law-makers appreciated the fact, no doubt, that perjury committed in the preliminary trial of a felony was not as serious an offense or so likely to obstruct or miscarry justice as a final trial because the falsity of such testimony might be discovered between the time of the preliminary and the final trial, while if perjury is committed on the final trial of the defendant, it might not be discovered until after the defendant is wrongfully acquitted. Therefore, in the opinion of the Attorney General this court should construe the first subdivision of section 1636, supra, to apply to perjury committed on the trial of either an indictment or information for felony, and that the second subdivision would apply to civil trials and preliminary trials for felony trials of misdemeanors and other trials and proceedings in courts of justice.

"In the recent case of Patterson v. State, 44 Okla. Cr. 298, 280 Pac. 862, this court held:

" 'A trial court has no authority to authorize the jury by his instructions to fix any punishment other than that provided by the statute.

" 'Where the court, in its instructions, submits to the jury a smaller penalty for the offense than that prescribed by law, and where the defendant excepts to such instruction and objects to the giving of the same, and where a smaller penalty is assessed by the jury than that fixed by law, the cause will be reversed.'

"If our construction of section 1636, supra, is correct, and we believe it is, then the doctrine announced in the Patterson Case will require a reversal of this judgment."

Upon the second assignment it is said in the brief of the Attorney General:

"On this proposition there is enough evidence to show the materiality of Washburn's testimony had the charge been for false swearing in the case of robbing the bank at Beggs, Oklahoma, but there is nothing in the record, so far as we have been able to discover, to show that McAnally was killed, or, if so, that he was killed at the time of the Beggs bank robbery. The trial court instructed, as a matter of law, that Washburn's testimony was material in the murder trial and defendant's counsel contends that there is no evidence to support the giving of such an instruction.

"We are of the opinion that there is substantial merit in this latter contention and if this court after an examination of the record arrives at the same conclusion reached by the Attorney General in this case, the judgment will have to be reversed and the cause remanded for another trial."

Referring to the first assignment above set out: Section 1636, Comp. Stat. 1921, fixing the punishment for perjury committed in a judicial proceeding was a part of the act long prior to statehood as section 2007, Statutes of 1890. At that time felonies were prosecuted by indictment only, and the first subdivision of this section fixing the punishment for a perjury committed on the trial of an indictment for a felony was intended to and did apply

to the trial of all felony cases. Misdemeanor cases were prosecuted by information or complaint, and the punishment for perjury committed in the trial of this class of cases was fixed by the second subdivision. Since statehood, by article 2, § 17, of the Constitution, felonies may be prosecuted either by indictment of a grand jury or by information where a preliminary examination before a magistrate is had or has been waived. Therefore the words "of an indictment" in the first subdivision of section 1636, supra, is obsolete, and that subdivision fixes the punishment for perjury committed on the trial for a felony whether the prosecution is by indictment or by information.

This court, in the case of Patterson v. State, 44 Okla. Cr. 298, 280 Pac. 862, held in effect that where the trial judge, over the objection of defendant, submitted and the jury fixed a less penalty than that authorized by law, the case must be reversed. The writer of this opinion dissented from the majority of the court in that case, being of the opinion that a prior opinion in that case, Patterson v. State, 42 Okla. Cr. 255, 275 Pac. 387, was the better rule; but the court having held to the contrary upon reason well supported by authority, we adhere to the opinion announced there, and this case falling squarely within the rule must be reversed.

Upon the second assignment of error above set out, there may possibly be enough evidence to show that McAnally was killed in the Beggs bank robbery, but this is not sufficient. There is an entire absence of evidence showing or tending to show the issues involved in the trial of the case of the state against Whitehead. It is not shown that the testimony of defendant was in any way material or pertinent in that case. It was not shown ex-

cept by inference that a charge of murder was even pending against Whitehead in the district court of Okmulgee county, or that he was being tried on such a charge. No indictment, information, or court record of any kind was introduced. No testimony was offered to show what defense was interposed to such charge, if there was any such charge, and the record is entirely silent as to the issue involved. Assuming that Whitehead was charged with the murder of McAnally, it cannot be determined from this record whether the plea was guilty or not guilty; whether it was self-defense, alibi, insanity, or some other defense. In the trial of a charge of perjury the materiality of the alleged false testimony is an essential element of the crime. To determine its materiality the state must show the issue joined in the case where the testimony was given. Section 1628, Comp. Stat. 1921; Stanley v. U. S., 1 Okla. 336, 33 Pac. 1025; Rich v. U. S., 1 Okla. 354, 33 Pac. 804; Meyers v. U. S., 5 Okla. 173, 48 Pac. 186; Pate v. State, 10 Okla. Cr. 100, 133 Pac. 1132; McFarland v. State, 12 Okla. Cr. 201, 153 Pac. 619; Huffine v. State, 13 Okla. Cr. 239, 163 Pac. 557; Downard v. State, 26 Okla. Cr. 274, 223 Pac. 718; Wright v. Satte, 30 Okla. Cr. 425, 236 Pac. 633, 634.

The general rule is stated in 21 R. C. L. 259, as follows: "The materiality of the testimony must be established by evidence and cannot be left to presumption or inference, and proof that the testimony was admitted on the trial is not sufficient to warrant a jury in inferring that such testimony was material to the issue." See, also, Fletcher v. State, 20 Wyo. 284, 123 Pac. 80.

In the case of Wright v. State, supra, this court said:

"First, that the record of the trial in which the alleged false testimony was given is not produced, and there is no sufficient proof that the case was at issue or was

legally on trial. Second, that there is no proof that the evidence alleged as the basis of perjury was material. Third, there is no sufficient corroboration in proof of the alleged perjury as required by law.

"Considering these assignments in the order set out, an examination of the record discloses that there was no production of the record nor any authenticated transcript, nor any waiver of such record, nor was there sufficient parol proof on this point. The journal was not offered in evidence showing the court to have been in session, nor is any proof made that the defendant in the case tried was present or had pleaded to the information, or that a jury had been called and impaneled. The charge on which the defendant was tried was of perjury in a judicial proceeding, and the essential facts to establish the proceeding to have been in a competent tribunal should have been made."

Some other assignments of error are presented, but since the case must be reversed, it is not necessary to discuss them.

For the reasons assigned, the case is reversed.

DAVENPORT and CHAPPELL, JJ., concur.