## REUBEN ROLEY v. STATE.

No. A-7135.  Opinion Filed June 21, 1930.
(290 Pac. 195.)

F. E. Sides and F. H. Woodard, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Reuben Roley, plaintiff in error, hereinafter called defendant, was convicted in the district court of Noble county of the crime of perjury and sentenced to serve a term of five years' imprisonment in the state penitentiary.

This prosecution resulted from the alleged false swearing of the defendant as a witness for Arthur Birkes in his trial for murder in the district court of Noble county on the 9th day of September, 1927. It is alleged in the information that the defendant falsely testified in substance:

"* * * That immediately before the said Arthur Birkes fired the fatal shots into the body of Dr. Harry McQuown, that he, the said Dr. Harry McQuown, had turned around from his position facing the south to a position in which he faced the north and immediately thereupon took three or four steps towards the north with his back toward the south, and immediately after having taken the three or four steps toward the north, that he, the said Dr. Harry McQuown, suddenly whirled around and took three or four steps toward the south, and that as he took said three or four steps toward the south, he threw his right hand to the left side of his body near the waist line * * * that all of the foregoing statements made by this defendant were false and untrue and known by him to be false and untrue at the time they were made; that the same were intentionally, falsely, corruptly and willfully made by this defendant, and that such testimony was material in said trial to the plea of self-defense as interposed by the said Arthur Birkes, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The information charged the defendant in effect with swearing falsely, willfully, and corruptly in Birkes' trial to a state of facts tending to make the deceased, Dr. McQuown, the aggressor against the said Birkes at the time of the killing of McQuown by Birkes, and that said evidence was material to the issue of self-defense interposed by Birkes as a justification for taking the life of McQuown.

In the Birkes trial defendant testified that he witnessed the killing of McQuown by Birkes; that he drove to the scene of such killing in a Graham truck from Tonkawa, Okla.; that he parked said truck on the street within fifty or seventy-five feet of the scene of the killing and sat in the truck and saw the tragedy enacted as alleged in the information. The state alleges that all this testimony was false and untrue and known by the defendant to be false and untrue at the time he gave it; that the statements were intentionally, falsely, corruptly, and willfully made by defendant, and that such testimony was made in said trial to the plea of self-defense as interposed by Arthur Birkes in his trial for the murder of Dr. McQuown.

The defendant alleges numerous grounds of error, but for the purposes of this opinion it will only be necessary to pass upon one. No. 13 of the court's instructions reads as follows:

"You are instructed that if you find the defendant guilty you must also by your verdict assess his punishment, which under the law would be by imprisonment in the state penitentiary for not less than five years nor more than ten years."

Defendant was prosecuted under section 1636, Comp. Stat. 1921, which reads as follows:

"Perjury is punishable by imprisonment in the penitentiary as follows:

"First. When committed on the trial of an indictment for felony, by imprisonment not less than ten years nor more than twenty years.

"Second. When committed on any other trial or proceeding in a court of justice, by imprisonment for not less than five nor more than ten years.

"Third. In all other cases by imprisonment not more than five years."

Under this section the minimum punishment in the case at bar was ten years. This court had under consideration this precise question in the case of Washburn v. State, 47 Okla. Cr. 321, 288 Pac. 371. In a very well-considered opinion, Judge Edwards, speaking for the court, held, in substance, that the minimum punishment in case like the one at bar was ten years, and the Washburn Case was reversed because the court gave, in substance, the same instruction that the trial court gave in the case at bar. For a full discussion of the principle involved, see Washburn v. State, supra.

We are not unmindful of the discussion and decision of the above question in the case of Arnold v. State, 48. Okla. Cr.——, 132 Pac. 1123. In that case, Judge Furman, speaking for the court, in the body of the opinion, at page 1126 of 132 Pac., said:

"There are no degrees of perjury in Oklahoma, but the punishment is divided into three classifications: First. When committed on the trial of an indictment for a felony, by imprisonment not less than 10 years nor more than 20 years. This provision of the statute is free from ambiguity and is not susceptible of two constructions. To subject a person to punishment under this provision the perjury must have been committed on the trial of an indictment for felony. This is the plain letter of the law

and by it we are bound. It was a clear oversight on the part of the committee revising the Code and of the Legis-lature in not providing that punishment in such cases should be inflicted for perjury committed 'on the trial of an indictment or information.' But the word "information' is not used, and this court has no right to insert it, for our powers are judicial alone."

A careful analysis of Arnold v. State, supra, reveals that the question decided was not an issue in the case. However, the proposition of law therein stated is in direct conflict with the case of Washburn v. State, supra, and is hereby expressly overruled.

In the case of Patterson v. State, 44 Okla. Cr. 298, 280 Pac. 862, this court said:

"A trial court has no authority to authorize the jury by his instructions to fix any punishment other than that provided by the statute. Where the court, in its instructions, submits to the jury a smaller penalty for the offense than that prescribed by law, and where the defendant excepts to such instruction and objects to the giving of the same, and where a smaller penalty is assessed by the jury than that fixed by law, the cause will be reversed."

The court having erroneously instructed the jury as to the penalty, and the defendant having saved his exceptions thereto and having alleged the giving of such instruction as error in his motion for new trial, the cause must be reversed.

Defendant contends that the court erred in its refusal to permit witnesses Jim Miller and Fred Piper to testify in behalf of and in corroboration of defendant relative to statements made by defendant to said witnesses upon his return home to Tonkawa, to wit: That defendant witnessed the killing of Dr. McQuown by Arthur Birkes. The state having made an issue of the fact that defendant

was not in the town of Red Rock at the time the crime was committed and could not have witnessed the things he testified to, it became very material for the defendant to show that immediately on his return home he had told friends and neighbors about seeing the commission of the crime and of the facts in connection therewith. On a retrial of the case, the court should permit the defendant to make this proof if he can.

Because of the error of the court in giving the erroneous instructions complained of, the cause is reversed and remanded, with directions to proceed in accordance with this opinion.

EDWARDS, P. J., concurs.

DAVENPORT, J., dissents as to the overruling of Arnold v. State, supra.