COMMONWEALTH *vs.* JOHN BRADY.

False swearing to a fact, to the best of the opinion of the witness, which the witness, though without any reasonable cause, believes to be true, is not perjury.

INDICTMENT for perjury by falsely, maliciously and wilfully testifying, at the trial of William P. Hood on a complaint for maliciously burning a ship on the stocks, that, soon after the ship was on fire, Brady saw a person come out of the ship and run away, who, to the best of his opinion, was said Hood. Trial in the court of common pleas before *Sanger*, J., who signed a bill of exceptions, one point in which was thus stated :

" From the evidence in the case, the defendant's counsel argued to the jury that the testimony showed that at the time and place and under the circumstances testified to by the defendant, as set forth in the indictment, the defendant did see either a person who was William P. Hood, or one whom he then and there had reason to believe to be, and whom he honestly did believe to be William P. Hood ; and thereupon he requested the court to instruct the jury that if they found that the defendant did see any one at the time and place and under the circumstances testified to by him, as set forth in the indictment, and in fact it was not William P. Hood, then the government must satisfy the jury, beyond a reasonable doubt, that the defendant, at the time of giving his testimony, well knew that such person was not William P. Hood, or that he did not honestly believe it to have been William P. Hood.

" The court declined so to rule, but did instruct the jury, in relation to this branch of the case, that if they were satisfied upon the evidence, beyond a reasonable doubt, that the defendant did give the testimony as charged in the indictment, and that he did not in fact see William P. Hood, and that if, in giving such testimony, he either knew that he did not there see William P. Hood, or rashly swore in this respect to what he had no reasonable or probable cause to believe to be true, they should find him guilty."

*W. H. L. Smith*, for the defendant, cited *United States* v. *Shellmire*, Bald. 378; *State* v. *Cockran*, 1 Bailey, 50; *State* v. *Lea*, 3 Alab. 602; *Commonwealth* v. *Cook*, 1 Rob. (Va.) 729.

*L. F. Brigham*, (District Attorney,) for the Commonwealth, cited *Commonwealth* v. *Cornish*, 6 Binn. 249; 3 Greenl. Ev. § 194; 2 Chit. Crim. Law, 305.

DEWEY, J.   To constitute perjury, there must be a wilful false oath, and, as is usually stated in the elementary books, the party must swear absolutely in a matter material to the point in question.

In the present case, the party testifying swore positively to the fact of seeing some one come out of the ship, after the ship was on fire; but who that person was is stated in no stronger language than that, " to the best of the opinion of the witness," it was William P. Hood.   In regard to the latter statement of the witness, we think the rule stated by the presiding judge at the trial was not sufficiently favorable to the defendant.   However proper it might have been as to a matter of fact to which the witness had testified absolutely, yet it would be too stringent a rule to apply to a matter of opinion.   A party is not to be convicted of perjury because, in the opinion of the jury, he had no reasonable cause for the opinion he expressed.   If, in his own mode of reasoning upon the facts occurring before him, he thought the person who left the ship was William P. Hood, though he might reason very poorly, and upon data which the jury might think very unsatisfactory, yet his testimony would not be wilfully false.

We do not mean to impugn the doctrine, that a person may be indicted for perjury in swearing that he believed a fact to be true which he must have known to be false, but confine our-selves to the precise case before us.          *Verdict set aside.*