ANTHONY PATE v. STATE.

No. A-1740.   Opinion Filed August 15, 1913.

(133 Pac. 1132.)

PERJURY—Evidence—Sufficiency.   On a trial of a person charged with perjury, the state is required to show, not only that the testimony given was false and corruptly given, but must also show that it was material to the issue joined in the cause on trial in which such testimony was given. When this is not done, a judgment of conviction cannot be sustained.

*Appeal from District Court, Pontotoc County;*
*Tom D. McKeown, Judge.*

Anthony Pate was convicted of perjury, and appeals. Reversed.

*Crawford & Bolen* and *W. I. Cruce,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.   Anthony Pate, the plaintiff in error in this cause, was convicted at the November, 1911, term of the

the district court of Pontotoc county on a charge of perjury, and his punishment fixed at imprisonment in the state penitentiary for a term of ten years.

The conviction is based upon an allegation that the plaintiff in error gave certain false testimony in a cause tried in the district court of Pontotoc county, wherein one Mack Lee was charged by the state with the murder of E. M. Putnam. It is alleged in the information that it became and was a material issue in said case whether or not the said Mack Lee was in Coal county, Okla., on the 23d day of February, 1909, or at some other place, and that said Anthony Pate willfully and corruptly testified that Mack Lee was at the home of this plaintiff in error in Coal county, Okla., on said 23d day of February, 1909. It appears from the record that the plaintiff in error gave the testimony complained of, and also that said testimony was false. The testimony was unqualifiedly given, and, as said by the Assistant Attorney General in his confession of error, if this was material to the issue—that is, the testimony complained of—it was undoubtedly perjury. We fail, however, to see from the record before us wherein it was shown that said testimony was material to any issue presented on the trial of Mack Lee. Putnam was killed on the 16th day of January, 1909, and just how the whereabouts of Mack Lee on the 23d day of February, 1909, became material to the issue in that trial we are unable to discover from the record before us.

On the trial of a person charged with perjury the state is required, not only to show that the testimony given was false and corruptly given, but also that it was material to the issue joined in the cause then being determined. No such proof was offered, and it cannot be presumed. If the state can show the materiality or pertinence of this testimony to the issues tried in the Mack Lee case, then this cause should be retried; otherwise it should be dismissed.

The judgment is reversed, with directions to grant a new trial.

DOYLE and FURMAN, JJ., concur.