## LAURA COURTNEY v. STATE.

No. A-1980.  Opinion Filed April 25, 1914.

(140 Pac. 163.)

1.  **TRIAL—Instructions—Evidence.** The accused, in a criminal case, is entitled to instructions defining the law applicable to his theory and covering his defense, if there is competent evidence tending reasonably to substantiate such theory.

2.  **SAME—Alibi—Evidence.** When, in the trial of a criminal case, the only defense is that of alibi, and the proof tends clearly to establish such defense, it is the duty of the trial court to instruct on the law of alibi, and especially so when requested to give such instructions.

3.  **SAME — Practice.** This court is not warranted in departing from well-established rules of law universally upheld by all the courts of last resort, and especially so when such rules work no hardship upon the state, but are easily understood and well defined.

4.    **SAME—Right of Accused.** The rights of the citizen are as much entitled to the protection of the courts as the rights of the people, and no unfair burden is imposed when the courts elected by the people are required to follow plain, universal rules of law, which are fair alike to all concerned.

*Appeal from County Court, Garfield County;*
*Winfield Scott, Judge.*

Laura Courtney was convicted of violating the prohibition law, and appeals. Reversed.

*J. H. Sykes,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.  The plaintiff in error, Laura Courtney, was convicted at the January, 1913, term of the county court of Garfield county on a charge of selling intoxicating liquor, and her punishment fixed at a fine of $250 and imprisonment in the county jail for a period of 60 days. The proof on behalf of the state was by two witnesses, who testified that at about 7:30 p. m. on the 14th day of January, 1913, they bought one-half pint of whisky from the plaintiff in error, at a certain rooming house in Enid, and paid 75 cents therefor. The court improperly sustained objections to certain questions asked on cross-examination of the principal witness. Two witnesses, in addition to the plaintiff in error, testified that she was not at the place where the prosecution contended, at the time contended, but was at their home some distance away, and was there from 10 o'clock in the morning until about 11 o'clock at night. After the testimony was closed, and before instructions were delivered to the jury by the court, counsel for plaintiff in error requested instructions on the law of alibi as a defense, which instructions were refused by the court. No instruction was given covering the law of alibi. The usual instructions as to presumption of innocence, burden of proof, etc., were given.

The only material question presented by this appeal is whether or not it was error for the trial court to refuse to give specific instructions covering the law of alibi as a defense, when properly requested so to do, when there is evidence in the record

tending clearly to establish such defense, and when no other defense or testimony is offered. This specific question has never been presented to this court.

In *Brock v. State,* 6 Okla. Cr. 24, 115 Pac. 1027, we said:

"The policy of the law is that all persons shall have a fair and impartial trial. It cannot be said that a fair and impartial trial has been had unless the jury has been properly instructed as to the law of the case, and, when the instructions do not fully present all the material issues raised, the judgment of conviction must be set aside."

And in *Roberson v. U. S.,* 4 Okla. Cr. 336, 111 Pac. 984, we said:

"Where an instruction requested by the defendant is not in proper form, but pertains to a material issue in the case as made by the evidence, the court should correct it and give it in proper form, if he has not otherwise instructed upon that issue."

In *Reed v. State,* 3 Okla. Cr. 18, 103 Pac. 1071, 24 L. R. A. (N. S.) 268, we said:

"The defendant is entitled to an instruction defining the law as applicable to his theory of the case covering his defense, if there is any competent evidence reasonably tending to substantiate that theory."

See, also, the general rule stated in 12 Cyc. 619, and cases cited under note 1.

Under these authorities the failure of a trial court to instruct on the law of alibi, when requested so to do, and when the evidence clearly raises that issue, is prejudicial error, and in our judgment of necessity requires the reversal of a judgment of conviction. It appears to be practically the unanimous rule that where alibi is the sole defense, and there is material evidence in support of it, it is reversible error for the trial court to refuse to instruct on that question. See *Ayres v. State,* 21 Tex. App. 399, 17 S. W. 253.

The Assistant Attorney General has filed a written brief urging this court to abandon or depart from the well-established doctrine of practically all courts on this question. We are unable to conclude that the position is tenable or that such departure on the part of this court would be warranted. It is just as

important to the public that persons who are charged with crime be accorded a fair and impartial trial as it is that the law be enforced at all.

This court has gone as far as any court to aid in the enforcement of the law, but we do not feel called upon to overturn all established customs and usages for the purpose of upholding the judgment of careless or indifferent trial courts.

The rights of the citizen should be protected as well as the rights of the public, and it is not imposing an unfair burden on the people to require the trial courts of Oklahoma to follow the rules of law which have been in force and universally upheld by all courts of last resort, and especially so when such rules are fair alike to all concerned.

The judgment is reversed, and the cause remanded.

DOYLE and FURMAN, JJ., concur.