## OSCAR BLYTHE v. STATE.

No. A-2310.    Opinion Filed September 11, 1915.

(151 Pac. 488.)

1.    **HOMICIDE—Trial—Instruction.** On a trial for assault with intent to kill, when the evidence tends to show justification in self-defense, it is the duty of the court to submit instructions properly embracing the law of self-defense, and it is reversible error to refuse to instruct the jury upon the law applicable to the case.

2.    **HOMICIDE—Trial—Instructions—Submission of Issue.** Where the evidence is clearly insufficient to sustain the major offense charged in an information for assault with intent to kill, and there is evidence tending to prove the commission of the offense which is necessarily included within the offense charged, it is the duty of the trial court to instruct the jury of their right to convict of the lesser offense.

(Syllabus by the Court.)

*Appeal from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Oscar Blythe, convicted of assault with intent to kill, appeals. Reversed.

*J. F. Thomas,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.    The plaintiff in error was tried on a charge of assault with intent to kill by shooting one Walter Swanson with a pistol. The verdict of the jury was, "We, the jury do upon our oaths find the defendant Oscar Blythe guilty as charged in the information."

On January 19, 1914, judgment was rendered and he was sentenced to serve a term of two years' imprisonment in the penitentiary. To reverse the judgment an appeal was perfected.

The evidence shows that at the time of the shooting the prosecuting witness, Walter Swanson and the defendant Oscar

Blythe lived on adjoining farms in the eastern part of Comanche county. That the defendant is a brother-in-law of the prosecuting witness, having married his sister, and that other members of the Swanson family lived in that neighborhood. That some time prior to the shooting the relations of the defendant with his wife's family, the Swansons, had not been friendly. On the day of the difficulty the prosecuting witness started to walk across the defendant's farm. He testified that passing by the defendant who was milking a cow in the pasture, the defendant called him and said:

"You have got me to fight or I will kill you," and the defendant struck at him but missed him and he struck the defendant and knocked him down. That when he got up he knocked the defendant down again and was on top of him when the defendant shot him in the calf of the leg.

He further shows that the defendant is a man with but one arm, and much smaller than the prosecuting witness.

The defendant did not elect to testify as a witness in his own behalf. The petition and motion for a new trial allege that the instructions given by the court to the jury do not state the law applicable to the case, and error is assigned upon the refusal of the court to give a requested instruction submitting the issue of self-defense. While the defendant was not entitled to have the instruction given in the form presented, he was entitled to have the issue of self-defense submitted to the jury. The undisputed facts that the defendant was on his own premises and that the prosecuting witness was a trespasser tended to show that he provoked the difficulty. His statement that the defendant, a one arm man, did not pull his pistol until after he had knocked him down once or twice, clearly raises the issue of justification in self-defense. The defendant was entitled to have his case submitted to the jury on instructions fairly applicable to the evidence, including a correct statement of the defendant's right of self-defense under the particular circumstances disclosed by the evidence. It is apparent from the record that the court erred in failing and refusing to instruct the jury upon the law of self-defense.

It is also contended that the court erred in failing to submit to the jury the issue on the lesser included offense of shooting with intent to injure any person, but without intent to kill such person as defined by section 2344 Rev. Laws 1910. The charge of the court consists of six instructions and submits only the issue of assault with intent to kill by shooting with a pistol. We cannot understand why the court below refused to submit the issue of self-defense, and why under the evidence, the court failed to submit the issue of assault with intent to do bodily harm, as it seems to us, that would be the highest grade of assault that should have been submitted to the jury under the evidence in the case.

In *Clemons* v. *The State,* 8th Okla. Cr. 452, 128 Pac. 739, it is held that in a prosecution for assault with intent to kill, the court should submit the case to the jury for consideration upon every degree of assault with the evidence, in any reasonable view. And see *Clark* v. *State,* 6 Okla. Cr. 100, 116 Pac. 200.

For the errors in the charge of the court as above pointed out, the judgment of the trial court is reversed and the cause remanded.

FURMAN and ARMSTRONG, JJ., concur.