## T. S. McFARLAND v. STATE.

No. A-2127.   Opinion Filed December 29, 1915.

(153 Pac. 619.)

PERJURY — Allegation and Proof — Variance.   In a prosecution for perjury, the proceeding, if judicial, in which the oath was taken, must be accurately described in the information, and must be proved substantially as alleged, and where the information charged that the offense was committed by falsely testifying as a witness on his trial in a criminal case, and the proof showed that the alleged false statement was made in his affidavit for a continuance in said case, while the same was pending in the trial court: Held, that the variance is fatal to the prosecution.

*Appeal from District Court, Garvin County;*
*R. McMillan, District Judge.*

T. S. McFarland, was convicted of perjury and appeals. Reversed.

*Blanton & Andrews* and *Carr & Fields,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error was convicted of perjury, and his punishment assessed at five years imprisonment in the penitentiary. From the judgment rendered upon the verdict he appeals.

The material charge in the information was that on a trial before the County Court of Garvin county, wherein the defendant was on trial charged with petit larceny, he was then and there duly sworn to testify as a witness in his own behalf,
"and while so testifying, said T. S. McFarland did wilfully, corruptly, feloniously, falsely and contrary to such oath, state to said Court, in substance, that one Ethel Davis, prior to said trial, had told him in the City of Lawton, Oklahoma, that said Ethel Davis had seen one Mrs. Lula Shiels, in the City of Lawton, Oklahoma, two or three days after the 11th day of November, 1912, open a letter and take therefrom a ten dollar bill; whereas, in truth, and in fact, the said Ethel Davis, prior to said trial had not told said T. S. McFarland at any place that said Ethel Davis, had, at any time, seen one, Mrs. Lula Shiels, in the City of Lawton, Oklahoma, open a letter and take therefrom a ten dollar bill; that said statement then and there made to said Court by said T. S. McFarland was then and there material to the question in issue in said case and was false, and said T. S. McFarland then and there knew the same to be false, against the peace and dignity of the State."

The attorney general has filed a confession of error to the effect that the information was insufficient to properly charge the crime of perjury, and that the evidence was insufficient to sustain the conviction.

It is manifest from an inspection of the record that the confession of error is well founded. The information alleged that the defendant as a witness in his own behalf did wilfully, corruptly, feloniously and falsely testify on his trial in said County Court. The proof was that the alleged perjury consisted in making the alleged statement in his affidavit in support of a

motion for continuance in a petit larceny case then pending in said County Court. This was a fatal variance. In a prosecution for perjury the proceeding, if judicial, in which the oath was administered must be accurately described in the information and must be proved substantially as alleged. To constitute perjury when the oath is taken in a judicial proceeding, the statement falsely sworn to must be material to the issue, or to the point of inquiry. Oaths are of frequent necessity during the progress of judicial proceedings, which are matters of evidence only to procure the exercise of the power, and which can exert no influence on the final judgment, or in any subsequent state of the proceedings. The force of a false oath as matter of evidence is exhausted when the point of inquiry is determined. In this case it appears that while the alleged false statement as to what some third person told the defendant might have been material to the point of inquiry at the time it was made. It was not material to any issue in the trial of the petit larceny case. Because of the irregularities noted, the judgment is reversed, and the prosecution ordered dismissed.

FURMAN and ARMSTRONG, JJ., concur.