## J. L. MATHES v. STATE.

No. 2842. Opinion Filed January 11, 1919.

(177 Pac. 120.)

1. **PERJURY—Falsity of Statement—Knowledge of Falsity.** To constitute perjury, the statement made must not only be false, but the party making it must know it to be so.

2. **SAME—Requisites of Offense.** Perjury consists in swearing willfully and corruptly, contrary to the belief of the witness, and not in swearing rashly and inconsiderately according to his belief.

3. **EVIDENCE — Explanation of Defendant's Intent — Perjury.** Upon a trial for perjury, it is reversible error for the court to refuse to permit the defendant to testify as to his intent and purpose to swear falsely as to the facts sworn to by him upon which perjury charged is based.

*Appeal from District Court, Love County;*
*W. F. Freeman, Judge.*

J. L. Mathes was convicted of perjury, and he appeals. Reversed and remanded.

*H. A. Stanley*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, J. L. Mathes, hereinafter referred to as defendant, was charged by information with perjury, convicted and sentenced to imprisonment at hard labor for a term of five years. To reverse the judgment rendered, the defendant prosecutes this appeal.

The perjury alleged is that the defendant, while testifying in a case in the district court of Love county, in which said defendant was plaintiff and T. F. Gross was defendant, falsely and corruptly did swear and depose under oath that he, the said J. L. Mathes, did not, during the month of March, 1914, while under medical treatment by the said T. F. Gross, for the fracture of the right arm of him, the said J. L. Mathes, remove the bandages and splints from his said right forearm, which had been placed there by the said T. F. Gross in the regular course of said surgical treatment, the fact of the removal of said bandages by the said J. L. Mathes being then and there a material issue upon the trial of said case, and he, the said J. L. Mathes, well knowing his said testimony to be false, corrupt, and perjured upon said material issue, and he, the said J. L. Mathes, having then and there taken an oath, lawfully administered, that he would testify truly in the trial of said cause.

The material uncontradicted evidence in the case is: "That in the trial of the said case of the defendant against T. F. Gross in the district court of Love county, and at the time named in the information, the defendant was duly sworn as a witness and testified, in said case of *J. L. Mathes v. T. F. Gross*, that he, the said defendant,

did not remove the splints from his arm in the month of March, 1914," and that such evidence as to the time that said splints were removed from the arm of the defendant was material to the issue being tried.

The evidence was in conflict in said case of the defendant against T. F. Gross as to the time the splints were removed from the arm of the defendant.

It therefore clearly appears that the pivotal question involved in this case is, "Did the defendant willfully and corruptly and contrary to his belief swear that" he did not remove the splints, which had been so placed by T. F. Gross, from his arm during the month of March, 1914?

On examination of the defendant as a witness in his own behalf, he was asked, together with other questions, the following questions: "Mathes, did you have any intention of swearing falsely in any of these answers propounded to you in the former trial? Was it your purpose or intention to swear falsely in these matters you have been asked about in the trial of the case with Dr. Gross?" To each of said questions objections were interposed by the county attorney, and the objection to each of said questions sustained by the court, and to the said refusal of the court to permit the defendant to answer said questions an exception was respectively saved.

"Perjury consists in swearing willfully and corruptly, contrary to the belief of the witness, not in swearing rashly and inconsiderately according to his belief." (*Pilgrim v. State*, 3 Okla. Cr. 49, 104 Pac. 383.)

It is an elementary proposition that knowledge of the falsity of the alleged perjured testimony is an essential and indispensable element of the crime of perjury.

Corrupt motive is indispensable to perjury and one having knowledge respecting the fact, who testified, how-

ever positively, only what he believed to be true, can be guilty of no crime, although he was mistaken. *Pilgrim v. State, supra.* In Bishop's New Criminal Law, sec. 1048, it is said:

"Perjury cannot be willful where the oath is according to the belief and conviction of the witness as to its truth."

To constitute perjury the statement must not only be false, but the party making it must know it to be so. If the witness testified under an honest mistake or misapprehension, and believed what he testified to be true, a conviction cannot be had though the statement be false. See, also, *Cutler v. Territory,* 8 Okla. 101, 56 Pac. 861; *Green v. State,* 41 Ala. 419; *Nelson v. State,* 32 Ark. 192; *State v. Higgins,* 124 Mo. 640, 28 S. W. 178; *Commonwealth v. Brady,* 71 Mass. (5 Gray) 78; *Gibson v. State* (Tex. App.) 15 S. W. 118, all of which hold, in substance, that one can be convicted of perjury only when the false testimony was given corruptly with knowledge of its falsity.

It follows that the defendant had a right to testify as to his intention of swearing falsely as to the statements made by him as a witness in the case in which the defendant is charged with perjury, such testimony to be considered by the jury in connection with all the other evidence and circumstances in the case, and the court committed reversible error in refusing to permit the defendant to answer said questions as to his intention and purpose in testifying as he did in the trial of the case in which the perjury is alleged.

The judgment rendered is reversed, and the case remanded for another trial.

DOYLE, P. J., and MATSON, J., concur.