### EARL WATKINS v. STATE.

No. A-4110.   Opinion Filed Oct. 6, 1923.
(218 Pac. 895.)

(Syllabus.)

1. **Homicide—"Assault with Dangerous Weapon" not Necessarily "Assault with Intent to Kill"—Intent for Jury.** An assault and battery with a dangerous weapon is not necessarily an "assault with intent to kill." The intent to kill is a question of fact for the jury, and not a question of law for the court.

2. **Trial—Instruction that Assault with Deadly Weapon is Assault with Intent to Kill Held Error.** An instruction that an assault and battery upon another by means of any deadly weapon, or by other means or force likely to produce death, is an assault with intent to kill, is a misstatement of law. Intent to kill is a question of fact for the jury, not a question of law for the court.

3. **Trial—Homicide—Submission to Jury of Issues as to All Included Degrees of Crime—Issues as to Assault with Dangerous Weapon, with and without Intent to Kill.** Where the evidence raises an issue of fact as to different degrees of a crime, or of an included offense, all of the issues so raised should be submitted to the jury.

   (a) As defined by statutes, an assault with a dangerous weapon, without intent to kill, is included in a charge of assault with intent to kill by means of a deadly weapon, and both issues should be defined by apt instructions, where the facts reasonably support either. Comp. St. 1921, §§ 1756 and 1764.

Appeal from District Court, Murray County; John L. Coffman, Assigned Judge.

Earl Watkins was convicted of assault with intent to kill, and he appeals. Reversed and remanded.

John M. Stanley and Wayne H. Lasater, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

BESSEY, J. Earl Watkins, plaintiff in error, here referred to as the defendant, was on the 23d day of July, 1920, charged with an assault with intent to kill by means of a deadly weapon, to wit, a pocket knife. By verdict of a jury he was found guilty, and his punishment assessed at confinement in the penitentiary for a term of two years.

The court instructed the jury, in instruction No. 1, in part as follows:

"The law governing such cases, gentlemen of the jury, says that any person who intentionally and wrongfully commits an assault and battery upon another, by means of any deadly weapon or by such other means or force as is likely to produce death, is guilty of an assault with intent to kill."

This instruction was excepted to by defendant. The statute under which the information was drawn (section 1756, Comp. Stat. 1921) is as follows:

"Any person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, airgun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding ten years."

The terms of this statute clearly indicate that the question of intent to kill is for the jury and is not a question of law for the court; that an assault and battery upon another with a deadly weapon is not necessarily an assault with

intent to kill. Such an assault may come within the provisions of section 1764, Comp. Stat. 1921, defining an assault with a dangerous weapon without intent to kill.

This seems to have been a mutual combat between the defendant and his companion with the manager of a bathing pool, growing out of the manager's refusal to give the defendant and his companion bathing suits, because the two were in a drunken condition and were using profane and indecent language. The testimony indicates that there was no intent to kill, but merely an attempt to administer physical punishment to the person in charge of this public bathing pool because of his refusal to allow them to enter. As the fight progressed, the father of the person first assaulted and others took part in the affray. Under the circumstances, as shown, the court should have given an instruction on an assault with a dangerous weapon, as defined in section 1764, a lesser degree of assault included in that defined in section 1756. Clemons v. State, 8 Okla. Cr. 452, 128 Pac. 739; Blythe v. State, 12 Okla. Cr. 23, 151 Pac. 488; Jones v. State, 12 Okla. Cr. 255, 154 Pac. 689. Section 2740, Comp. Stat. 1921, reads:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

Where the evidence raises an issue as to different degrees of a crime or of an included offense, all of the issues so raised should be submitted to the jury. In this case the issues of simple assault and of assault and battery were submitted, but the jury refused to find the defendant guilty of these lesser degrees of the crime. The evidence discloses that the accused was at least guilty of an assault with a dangerous weapon, a pocket knife, with which he inflicted serious wounds upon the body of the person assaulted. On the

other hand, the person assaulted seems to have entered into the combat willingly, amounting almost to an invitation to fight—a mutual combat, which could easily have been avoided by either of the parties. When this defendant seemed to be getting the worst of the affray, he used his pocket knife. As we analyze the evidence, originally there may have been no premeditated attempt to kill, or intent to kill; the defendant later using his knife merely in an attempt to subdue his adversaries, with or without any intent to kill.

The law on an assault with intent to kill should have been correctly stated; the instruction given amounted to an instruction to find the defendant guilty. The court, under the evidence here, should also have instructed on the law of an assault with a dangerous weapon, without intent to kill.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

MATSON, P. J., and DOYLE, J., concur.