JESS DOWNARD v. STATE.

No. A-4979. Opinion Filed March 6, 1924.

(223 Pac. 718.)

(Syllabus.)

1. Perjury—Information to Show Materiality of Statements Falsely Sworn to. An essential element of the crime of perjury is that the statement falsely sworn to must be material, and an information charging perjury should contain such an averment

in direct terms, or should contain a statement of such facts as will tend to show that the statements complained of were material.

2.    Criminal Law—Withdrawal of Plea to Demur to Defective Information.    Where an information on its face is defective in that it fails to allege one of the essential elements of the crime, upon application of the accused it became the duty of the court, under the provisions of section 2621, Comp. Stat. 1921, to permit the accused to withdraw his plea of not guilty in order to interpose a demurrer to the information.

3.    Perjury—Essential that Testimony Was Given Without Honest Belief of Truth—Refusal of Instruction Erroneous.    To constitute perjury the statement must not only be false, but the person making it must have known it to be false, or must have made it as unqualifiedly true without honestly believing it to be true.
            (a) Instructions held insufficient touching that issue.

Appeal from District Court, Woods County; Arthur G. Sutton, Judge.

Jess Downard was convicted of perjury and he appeals. Reversed.

W. L. Houts and L. T. Wilson, for plaintiff in error.

The Attorney General, for the State.

BESSEY, J.   This was a conviction for perjury, founded upon the testimony of the accused, Jess Downard, in a criminal case pending in the county court for his neglect or refusal to appear in response to a notice from the road supervisors of McKinley township, Wood county, to work on the roads (section 10016, Comp. Stat. 1921).   On conviction of the perjury charge plaintiff in error was sentenced to serve a year and a day in the penitentiary.   From this judgment and sentence he appeals.

It is alleged in the information that the deceased willfully and falsely testified that he had a right to redeem and recover certain lands in Avard township, Woods county, from

a judgment of foreclosure. There is no direct or inferential allegation in the information charging that the alleged false testimony given was material in the case in which it was alleged to have been given. From the statements contained in the record before us it appears that the defense of the accused in the misdemeanor case was that he resided in Avard township and was not a resident of McKinley township and therefore not subject to road duty in the latter township.

Section 1628, Comp. Stat. 1921, defines perjury as follows:

"Any person who, having taken an oath that he will testify, declare, depose or certify truly before any competent tribunal, officer, or person, in any of the cases in which such an oath may by law be administered, willfully and contrary to such oath, states any material matter which he knows to be false, is guilty of perjury."

According to this statutory definition of the crime of perjury, as well as at common law, and according to the decisions of this court, an essential element of the crime is that the statement sworn to falsely must be material, and an information charging perjury should contain such an averment in direct terms, or should contain a statement of such facts as will tend to show that the statements complained of were material. Rose v. State, 8 Okla. Cr. 294, 127 Pac. 873; Coleman v. State, 6 Okla. Cr. 252, 118 Pac. 594; Dunn v. State, 15 Okla. Cr. 245, 176 Pac. 86; McFarland v. State, 12 Okla. Cr. 201, 153 Pac. 619; Pate v. State, 10 Okla. Cr. 100, 133 Pac. 1132.

So far as disclosed by the averments of this information the fact that the accused had or had not an equity of redemption in lands in Avard township was irrelevant and immaterial, and did not tend to establish any issue in the other case.

In the course of the proceedings in district court in the perjury case the accused stated to the court that he was a poor person and unable to employ counsel. He, however, entered his plea of not guilty. Later the court appointed counsel to defend him, and his attorney, so appointed, after the state had announced ready for trial, asked leave of court to withdraw the plea of not guilty for the purpose of filing a demurrer to the information on the ground that the information did not sufficiently charge an offense. This application was by the court denied.

Since the information on its face was defective in that it failed to allege an essential element of the crime of perjury, and since the court had previously received and entered a plea of not guilty in the absence of counsel, it became the duty of the court under the provisions of section 2621, Comp. Stat. 1921, to permit the accused to withdraw his plea in order to interpose a demurrer to the information.

Although the information contained no averments showing that the foreclosure proceedings were material, there was testimony introduced which might remotely affect the issue of whether the accused was a resident of Avard township or McKinley township. Harry E. Mason testified that he bought the land in question at the sheriff's sale; that before confirmation of sale he had a talk with the wife of the accused in which there was some talk about renting the place and whether or not the land could be redeemed. Mr. Mason said he made no offer to return the land for any consideration. The wife of the defendant, on the contrary, testified in part as follows:

"Well, I went to talk to Mr. Mason about this. We were preparing to get the money from the Farmers' State Bank to take up this mortgage at that time. This was my first knowledge that he had the deed to that land, at that

time, and he told me it had already went through court and he had a deed to it, but all he wanted was what money he had in it, and if I would secure that much money he would turn it back to me; that is the words he spoke."

We allude to this part of the record to show that possibly the accused honestly believed that he had a right to redeem the land.

The perjury charge was based upon the falsity of the testimony following, particularly the answer:

"I've got my redemption period."

"Q. Now, Jess, isn't it a fact that Harry Mason foreclosed a mortgage on that place last February? A. He started foreclosure.

"Q. And they took it away from you? A. No; they haven't got it.

"Q. They started foreclosure? A. Yes, sir.

"Q. When was it started? A. I don't remember.

"Q. And the proceedings are not completed as yet? A. No, sir; I've got my redemption period.

"Q. When were the proceedings finished? A. I don't think they are finished yet."

One of the essential elements of the crime of perjury is that the falsity of the statement must have been known to the deponent, or it must have been unqualifiedly made as true without such knowledge. Even if the testimony quoted had been material, to sustain a charge of perjury it would have been incumbent upon the state to show that the accused had no right of redemption and that he knew at the time he testified that he had no such right, or that he asserted that right as true recklessly without regard to the truth. It is within the realm of possibility, and may indeed be probable, that the

accused had been misinformed and was not correctly apprised of his rights in the foreclosure proceeding and may have testified as he did honestly believing that he had a right of redemption when he had no such right. This question of corrupt motive in perjury was fully discussed in the case of Pilgrim v. State, 3 Okla. Cr. 49, 104 Pac. 383, wherein Judge Doyle said:

"Corrupt motive is indispensable to perjury; and one * * * who testified, however positively, only what he believes to be true, can be guilty of no crime, although he was 'mistaken.' "

And in Mathes v. State, 15 Okla. Cr. 382, 177 Pac. 120, it was said:

"To constitute perjury the statement must not only be false, but the party making it must know it to be so."

So far as they relate to the points here treated, the court's instructions to the jury were as follows:

"It is no defense in a prosecution for perjury that the accused did not know the materiality of the false statement made by him, or that it did not, in fact, affect the proceeding in or for which it was made. It is sufficient that it was material and might have been used to affect such proceeding."

"Any unqualified statement of that which one does not know to be true is equivalent to a statement of fact which one knows to be false."

"If you believe from the evidence, facts and circumstances, beyond a reasonable doubt, that in said county of Woods, on or about the 22d day of May, 1923, and in the county court of said Woods county, the said defendant was duly sworn, on oath, to testify to the truth in said cause, that he testified to the matters and things stated in said information, that such testimony was falsely given, but was false and known by the said defendant at the time he so testified to be false, or if you believe beyond a reasonable

doubt that at said time and place, and in said court, the defendant was sworn in said proceeding to testify the truth and willfully testified to the matters and things set forth in said information and made an unqualified statement of the same, and did not know the same to be true, then in either of said events, your verdict should be that the defendant is guilty; otherwise you should acquit him.''

The defendant requested two instructions, which the court refused, to the effect that there could be no conviction for perjury where the witness was honestly mistaken in his testimony or where his testimony was based upon an honest conviction and belief, even though such testimony was in fact untrue. Under the circumstances here, after such request was made, some additional instruction should have been given covering this issue.

Other errors urged by the plaintiff in error need not be analyzed, since for the reasons given the cause is reversed, with instructions to dismiss; and the accused is ordered released from the penitentiary.

MATSON, P. J., and DOYLE, J., concur.