## WILL GREEN v. STATE.

No.: A-4759. Opinion Filed Feb. 4, 1925.
(233 Pac. 244.)

(Syllabus.)

1. **Trial—Right of Accused to Instruction Defining Law Applicable to His Theory.** In the trial of a criminal case, a defendant is entitled to an instruction defining the law applicable to his theory if there is any competent evidence reasonably tending to substantiate that theory.

2. **Appeal and Error—Brief Should Point out Specific Parts of Instructions Complained of and Cite Authorities to Official Oklahoma Reports.** When the error alleged relates to the instructions of the court, whether given or refused, the brief of plaintiff in error should point out the specific parts complained of, and citation of authorities should be to the official State Reports of this state.

3. **Homicide—Evidence Sustaining Conviction of Assault with Intent to Kill.** Evidence examined and found sufficient to sustain the verdict.

Appeal from District Court, Canadian County; James I. Phelps, Judge.

Will Green was convicted of assault with intent to kill, and he appeals. Affirmed.

E. J. Giddings, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

EDWARDS, J. The evidence discloses that a posse of officers, at night, near Piedmont, discovered a still in

a straw stack which had been hollowed out. No one was present, so the posse hid near by. Soon thereafter two men approached, one on foot and one on horseback. According to the evidence of the state, when the posse raised up from hiding, one of the men fired and the posse returned the fire. Both men ran, and the posse pursued. After running a short distance, the man on foot turned and fired a gun, and a few hundred yards further on the plaintiff in error in this case was overtaken. In his pocket was a hollow copper wire and some small parts used about a still. He was tried for shooting with intent to kill a member of the posse.

The brief of the plaintiff in error is directed at errors relating to the instructions given by the court, and those offered and refused. The motion for a new trial is insufficient to point out the errors complained of. The fourth and twelfth assignments challenged the instructions, and are as follows:

"(4) Because the court misdirected the jury in matters of law and duly excepted to by the defendant.

"(12) Because the court erred in refusing to give defendant's requested instructions numbered 1 to 19 respectively, to which defendant duly excepted."

The plaintiff in error in his brief has not in any sense complied with rule 7 of this court by setting out the instructions or parts of instructions which are complained of that were given or refused. He does not specifically and particularly set out in his brief the errors intended to be relied on. The brief is merely a running statement and argument of which the following is an excerpt:

"Our ninth requested instruction at page 269 of the case-made asks the court to instruct the jury with regard to assault and battery and the punishment therefor. Requested instruction No. 10, at page 270 of the case-made,

is on the law of circumstantial evidence, and certainly
should have been given. Instruction No. 12 certainly
should have been given, and we most earnestly insist that
it was reversible error not to give it. It is found at
page 271 of the case-made, and is our requested instruc-
tion No. 12, and is on the law of self-defense, and sets
out the salient features of self-defense, and nowhere in
the instructions is there a word thereon. We also think
it was error for the court to fail to give our requested in-
struction No. 13, at page 272 of the case-made, which
follows the identical language of the statute as to when
a peace officer may or may not shoot at or kill any per-
son, and when he may or may not make an arrest. In-
struction No. 15 at pages 272 and 273 should have been
given. It is with regard to when peace officers may ar-
rest without warrant."

There is much more to the same effect. We have,
however, examined the record and considered the argu-
ments presented by the plaintiff in error. One of the
contentions made is that an instruction on circumstantial
evidence should have been given. The case is not in any
sense a circumstantial evidence case, and such contention
is without merit.

It is also argued at some length that the jury should
have been instructed on the law of self-defense. The
plaintiff in error took the stand and testified in substance
that on the occasion in question he had gone hunting at
night with a dog and shotgun; that he went by chance
to the straw stack where the still was, and there found
the hollow copper wire, or "jigger," as he called it, and
put it in his pocket. While standing there he heard a
shot, saw a horse running to the northwest, and directly
a man came up on foot running, and these men (posse)
were firing at him, and that he (plaintiff in error) went
off southwest and the other man northwest; that he
turned and fired to one side, but did not try to hit any
one; that he was shot in the back and shoulders with a

shotgun; that he finally stopped, threw down his gun, and stuck up his hands.

The theory on which the defense was based was that he never shot at any member of the posse at all; that he shot once to frighten his pursuers. There is no evidence indicating that he shot in self-defense.

This court has held that the accused in a criminal case is entitled to instructions defining the law applicable to his theory and covering his defense, if there is competent evidence tending reasonably to substantiate his theory. Courtney v. State, 10 Okla. Cr. 589, 140 P. 163; Reed v. State, 3 Okla. Cr. 18, 103 P. 1070, 24 L. R. A. (N. S.) 268.

But the court is not required to give a law on some theory not warranted by the evidence and on a theory different to that taken by the defendant in the trial. Under the record the plaintiff in error had a fair trial. His guilt was abundantly established.

The judgment will be affirmed.

BESSEY, P. J., and DOYLE, J., concur.