## BRUCE STILES v. STATE.

No. A-6260.   Opinion Filed Feb. 25, 1928.
(264 Pac. 226.)

Anglin & Stevenson and Forrest M. Darrough, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted of perjury in the district court of Hughes county, and was sentenced to serve 18 months in the state penitentiary.

It appears from the record that Margaret Turpen resided with her father near Welty, Okla. She was 15 years of age on April 14, 1925. On March 27, she ran off from home and went to the oil fields in Hughes county. The defendant was 30 years of age, had resided near Welty until about three weeks prior to this time, when he moved to the oil field at Papoose. The Turpen girl worked at a cafe and was at times in the company of defendant. Defendant arranged a marriage between the Turpen girl and one H. D. Cook. He introduced them, brought them together, suggested the marriage, and gave Cook $10 for the occasion, and procured the marriage license. The affidavit to the application for the marriage license forms the basis for the charge of perjury. There is evidence that Cook, who appears to be weak in intellect, and the Turpen girl, had not talked to each other alone prior to the time of the marriage, and evidence that, at the time defendant suggested the marriage to Cook, Cook informed him that he did not think the girl was old enough to marry. In the affidavit to the application, defendant gave the age of the Turpen girl as 18 years. The next day after the marriage, Cook and the Turpen girl were arrested, taken to jail at Okemah, where she

was recovered by her father. The defendant admits that he procured the license, but testified that prior to procuring it he asked the ages of the parties, and that the Turpen girl told him that she was over 18.

It is urged that under the quantitative rule of evidence there is not sufficient corroboration of the testimony of the father of Margaret Turpen as to her age. The mother was deceased; there was no family record. The father testified that she was born April 14, 1910. Under the rule invoked, it was formerly necessary to establish the falsity of the oath on which the perjury was predicated by two witnesses, but this rule has been much modified in the more recent cases. It is now generally said that the charge may be sustained by one witness, supported by corroborating circumstances. 21 R. C. L. 272; Shoemaker v. State, 29 Okla. Cr. 184, 233 P. 489; Wright v. State, 30 Okla. Cr. 425, 236 P. 633.

The school records showing the age of the girl were offered in evidence by the state, but, on objection, they were excluded. Margaret Turpen was called for the state, but was an unwilling witness. She was examined at some length on direct and on cross-examination, but was not asked her age. Defendant testified he did not know the girl's age, but had no knowledge that she was under 18. It appears from the evidence that for most of the time after Margaret Turpen was 5 years old the defendant lived near her father; a part of this time she passed his house going to school.

The question is presented, Is the evidence of the falsity of defendant's affidavit sufficient to satisfy the quantitative rule of evidence? The testimony of the father is the best evidence under the circumstances by which the age of Margaret Turpen could be proven. That his evidence is true appears not to be directly contested. But to sustain a charge of perjury there

must be other evidence or corroborating circumstances. The defendant had lived near the father of Margaret Turpen, and had seen her frequently since she was a small child. In Wigmore on Evidence, vols. I and II, secs. 222, 257, 660, 1154, it is said that experience teaches that corporal appearances of age should be accepted and weighed for what it may be worth in each case, and in particular the appearance of an alleged minor may be considered in judging his age. Again, it is said that a witness may testify to a person's age merely from his appearance, that the appearance is usually regarded as relevant evidence of age, citing numerous authorities. In section 1168, this character of evidence, designated as autoptic proference, is discussed at length by the same author. The objections to it are discussed, and the conclusion is reached that such evidence is competent.

In the case of Hunter v. State, 6 Okla. Cr. 446, 119 P. 445, this court held:

"In prosecution for statutory rape, the age of the complaining witness is always a question of fact for the jury, to be determined by them from all the evidence in the case; and, when the prosecuting witness appears on the witness stand before them, they may consider her apparent age in determining this question."

We are of the opinion that the evidence adduced, including the appearance of Margaret Turpen, sufficiently complies with the quantitative rule of evidence.

Further complaint is made that the evidence of defendant's knowledge of the falsity of his affidavit stating the age of Margaret Turpen is not sufficiently proven. It is well settled that to constitute perjury the statement upon which the perjury is predicated must not only be false but the party making it must know it to be so. A conviction cannot be had though

the statement be false, if the defendant by honest mistake or misapprehension believed it to be true. Pilgrim v. State, 3 Okla. Cr. 49, 104 P. 383; Mathes v. State, 15 Okla. Cr. 382, 177 P. 120; Downard v. State, 26 Okla. Cr. 274, 223 P. 718.

Knowledge or belief is a state of mind. It cannot ordinarily be proven by direct and positive evidence but must be proven by circumstances. There are here various circumstances that clearly indicate that defendant knew Margaret Turpen was under the age of 18 years. He had known her since she was a small child. He had been associating with her just prior to procuring the marriage, under circumstances that indicate their relations were intimate. This line of evidence was admissible as showing a motive for his desire to bring about her marriage with Cook and his interest in procuring the license. The jury was fully warranted in finding that at the time he made the affidavit defendant knew it was false.

The contention is next made that the court made prejudicial statements in the presence of the jury. In the cross-examination of Margaret Turpen, counsel for defendant asked if she had had any trouble with her father before leaving home. The state objected, and the objection was sustained. Counsel for defendant then argued with the court as to the correctness of the ruling, beginning with this statement, "Now, I do not like to argue the proposition, but here, judge, * * *" then stating the theory of the state and the purpose of the defendant in offering the evidence and insisting it was competent. In response to this argument, the court said there could be only one issue in the case: At the time he got the marriage license did he make a false statement? An exception was taken to the ruling but not to the remark, or at least not so stated. There was no motion to withdraw the remark. Such

is the proper practice. Klein v. State, 15 Okla. Cr. 350, 176 P. 414. The statement of the court was not correct as an abstract matter of law and certainly was not intended to lay down a legal proposition, but was an answer or explanation to counsel's argument of the court's ruling. The statement of the court was in a sense invited by the argument of counsel challenging the ruling of the court, and is not of sufficient importance to require a reversal.

The final assignment of error argued is that the court erred in his instructions. No exceptions are reserved to any of the instructions of the court, and no instructions were requested, but it is contended that the court should have instructed the jury the substance of the quantitative rule of evidence; that is, the trial court in its charge should somewhere tell the jury that a conviction for perjury could not be had except by the testimony of two witnesses or one witness and corroborating circumstances.

In those states where the quantitative rule of evidence has become a matter of statute, it is analogous to the law forbidding the conviction of an accused upon the testimony of an accomplice unless he be corroborated by other evidence tending to connect the defendant with the commission of the offense, and it is generally necessary to instruct the jury in the substance of the statute. Wilson v. State, 27 Tex. App. 47, 10 S. W. 749, 11 Am. St. Rep. 180; Aguirre v. State, 31 Tex. Cr. R. 519, 21 S. W. 256; Montgomery v. State (Tex. Cr. App.) 40 S. W. 805; Saucier v. State, 95 Miss. 226, 48 So. 840, 21 Ann. Cas. 1155.

In this state the quantitative rule is not a matter of statute, but a rule of evidence adopted by the court following the common-law rule and to prevent the danger of a conviction for perjury on conflicting testimony.

No case has been called to our attention in which it is held fundamental error in the absence of a statute and in the absence of a request to fail to give this instruction. The question has not been directly decided by this court, but the case of Campbell v. State, 23 Okla. Cr. 250, 214 P. 738, a case very similar as to the facts, was affirmed. In that case the charge was based on the affidavit attached to an application for a marriage license. The instructions defining the offense and the elements required to be proven in order to sustain a conviction are set out, and the rule of evidence here contended for is not contained therein.

Where no exceptions are reserved to the instructions given and no requests nor suggestion for additional instructions tendered, the presumption is that the defendant is satisfied with the instructions, and, unless there is a failure to embody in the instructions some essential matter, the omission of which constitutes fundamental error, a conviction in such case will not be reversed for failure to give other instructions.

Upon the whole record, it appears that defendant was properly charged, fairly tried; that the evidence fully sustains the charge; that there has been no miscarriage of justice nor any error so prejudicial as to require a reversal.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.