## OTIS SCOTT v. STATE.

No. A-6197. Opinion Filed June 23, 1928.
(268 Pac. 312.)

John L. Ward and L. O. Todd, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereafter called defendant, in the district court in Tulsa county, was convicted of manslaughter in the first degree and was sentenced to serve a term of 12 years in the state penitentiary.

The record discloses that at the time charged defendant, a negro, had a difficulty with Ned Scarborough, another negro, in which Scarborough was cut with a pocket knife from the effects of which he died. The evidence as to the origin and the course

of the difficulty is conflicting; that for the state indicating that defendant provoked the difficulty and engaged with deceased in the fight, in which he used the knife with fatal results; that of defendant indicates that deceased provoked the difficulty.

The first contention made is error in overruling the demurrer to the information. It is argued the information is vague, indefinite, uncertain, and fatally defective in failing to allege that the knife with which the homicide was committed, in the manner used, was a deadly weapon; that, where a weapon not per se a deadly or dangerous weapon is used in committing a homicide or felonious assault, the indictment or information must allege the manner in which it was used, and that in the manner used it was a deadly weapon, citing Dean v. State, 2 W. W. Harr. (Del.) 469, 125 A. 478; Edwards v. State, 27 Ark. 497; Haney v. State, 34 Ark. 263; People v. Aro, 6 Cal. 207, 65 Am. Dec. 503; Elliott v. State, 4 Okla. Cr. 224, 111 P. 820, 140 Am. St. Rep. 683; Clemons v. State, 8 Okla. Cr. 452, 128 P. 739; Moody et al. v. State, 11 Okla. Cr. 471, 148 P. 1056; Wilcox v. State, 13 Okla. Cr. 599, 166 P. 74.

These authorities sustain the contention, but the language of the information takes it out of the rule relied on. In the information it is charged that:

"Otis Scott, * * * did unlawfully, willfully, maliciously, and feloniously, without authority of law, and with a premeditated design, * * * to effect the death of one Ned Scarborough, by then and there cutting and stabbing the said Ned Scarborough with a certain pocket knife, which he, the said Otis Scott, then and there had and held in his hands, then and there and thereby inflicting in and upon the body of the said Ned Scarborough certain mortal wounds, from

which said mortal wounds the said Ned Scarborough did * * * die. * * *"

The rhetoric and grammatical construction of this allegation may be criticized, in that it fails to allege in terms that defendant did cut and stab deceased; but it is evident that is what the pleader meant. Defendant is apprised by the language used that he is charged with the murder of deceased by cutting him with a pocket knife. The information sufficiently complies with the provisions of sections 2555, 2556, 2563, 2564, Comp. St. 1921.

Complaint is also made that the court permitted the state to introduce opinion evidence without proper foundation. Dr. Bryant, after having been qualified as a physician and surgeon, a graduate of a medical college and duly licensed in the state, testified as an expert for the state as to the nature and location of the wounds on the body of deceased, in effect that the lungs were penetrated by one of the wounds. He stated that he did not probe the wound to its full depth; that from his observation the manner in which the wound was bleeding it was his opinion that it penetrated the lungs. Even if we should say there is not a sufficient predicate laid for an expert opinion, yet under all the evidence there can be no question but that the knife wounds caused the death. It is not of material importance whether or not the lung was penetrated. There is nothing prejudicial in the admission of the opinion of the physician.

Before the jury were instructed, counsel for defendant orally requested the court to instruct on the law of self-defense. This the court declined to do for the reason that defendant's theory was that the wounds which caused the death were due to an accident or mishap. The evidence is sufficient to have

raised the issue of self-defense, but defendant testified that in the course of the difficulty deceased fell upon the knife and sustained the fatal injury; that is that the homicide was the result of an accident. After stating the beginning of the fatal difficulty, and that deceased had him down, defendant testified:

"* * * And they got me back down on the ground, and he beat me then in the face, and put his knee in my stomach and jumped on me, and I hollered again and asked them to take him off of me, 'Take him off, take him off;' and some one says, 'There is a knife'—threw a knife. He and I grabbed this knife about the same time. I grabbed the handle of the knife, and he grabbed my hand, something like that, and he and I was jerked backwards and forwards, first the blade to me and then to him, like that, and I pushed up, and he had his knee in my stomach, and his knee slipped off my stomach, and he kind of fell over on me like that, and, if I cut him when he fell, that knife was turned toward him, and he fell right into the knife. * * *

"Q. Did you have at any time any purpose or intention to kill the deceased, or not? A. No, sir; I didn't.

"Q. Did you ever at any time, while this trouble was in progress, ever purpose to do him any injury or any harm, or any violence of any kind or character? A. Didn't have anything in the world against him, in fact, I liked him. * * *"

It is well settled that a defendant is entitled to an affirmative instruction applicable to his testimony upon any material issue based upon the hypothesis that it is true. Courtney v. State, 10 Okla. Cr. 589, 140 P. 163; Buchanan v. State, 25 Okla. Cr. 198, 219 P. 420; Ammons v. State, 28 Okla. Cr. 433, 231 P. 326.

It follows that on a trial for a felonious assault

or a homicide, where there is evidence tending to show justification and self-defense, the court should submit that issue to the jury. Blythe v. State, 12 Okla. Cr. 23, 151 P. 488; Nelson v. State, 34 Okla. Cr. 187, 245 P. 1009.

Here, however, the testimony of defendant is not that he acted in self-defense in using the knife which caused the death, but that the wound inflicted was accidental in a scuffle for the possession of the knife. Upon this issue the court gave the following instruction:

"You are instructed that in addition to the defendant's plea of not guilty is interposed as a defense that, if the deceased met his death by wounds inflicted by a knife while the defendant and deceased were engaged in a physical encounter, the inflicting of such wounds was accidental and was not occasioned by any intent or act upon the part of the defendant to inflict such wounds upon the deceased, and in this connection you are instructed that, should you find from the evidence in this case, or have a reasonable doubt thereof, that at the time the defendant and the deceased were engaged in a physical encounter, if you find they were so engaged, that some bystander threw to or near the combatants a knife, and that such knife was seized by both the deceased and the defendant, and in the physical encounter that took place between the deceased and the defendant over the knife the deceased accidentally fell upon said knife, and a mortal wound was inflicted without any intent upon the part of the defendant to so inflict said wound, then and in that event you will give the defendant the benefit of such doubt and find him not guilty."

This instruction is as favorable to defendant as the law warrants.

The exclusion of evidence offered by defendant is also assigned as error. This is directed to several

items, only one of which has any merit. Bessie Scarborough, a witness for the state, testified as follows:

"Q. Bessie, while that fight was going on out there that day while you saw the defendant, state whether or not he was intoxicated. A. Well, he smelled like whisky and he was staggering. * * *"

Immediately thereafter defendant was recalled and was asked if he was drunk at the time of the difficulty. On objection, he was not permitted to answer. This is clearly error. The state had gone into this matter; certainly the defendant had a right to refute it.

The ends of justice, under the record, however, do not require a reversal, but the judgment will be modified by reducing the punishment assessed from confinement in the penitentiary for a term of 12 years to a term of 7 years, and as modified, the judgment is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.