BILL RITTER v. STATE.

No. A-8438.  Jan. 20, 1933.
(18 Pac. [2d] 550.)

Paul D. Sullivan, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Stephens county of the offense of larceny of an automobile, and his

punishment fixed by the jury at imprisonment in the state penitentiary for a period of five years.

The evidence of the state was that Mrs. Lillian Womack was the owner of a 1929 model A Ford Tudor sedan, and that the same was stolen from her on the 22d day of February, 1931, in the town of Duncan; that on February 27th defendant was arrested in possession of this car on highway 81 near the city of Enid; that at that time defendant was accompanied by Bennie Benight and two girls, Katie Downs and Gertrude Berry; that defendant told the officers the girls were their wives and that the car belonged to him; that he had bought it from a man named Weaver and did not have the title papers with him because he still owed $60 on the purchase price; that, after being placed in jail, all the parties admitted they were not married; that it appeared from the speedometer the automobile had been driven practically 2,000 miles in the seven days following the taking.

In addition to this proof, Bennie Benight pleaded guilty, and, testifying for the state, said that he and defendant together stole the car in Duncan, near the First Baptist Church; that they pawned the spare tire at Bray as security for some gasoline; that they drove to Ada, Shawnee, Elk City, Amarillo, Tex., Tucumcari, N. M., and back to Enid, where they were arrested. He is corroborated by other witnesses in most of the details of his story.

The defense is an alibi; defendant claiming that he knew nothing of the stolen automobile, and was picked up by Bennie Benight at Shawnee, and only accompanied him to Enid.

Defendant first contends that the county attorney was guilty of prejudicial misconduct which prevented him

from having a fair trial. It appears from the record that the county attorney and defense counsel are brothers; that each fought strenuously for his side of the case, and there was much heated and unnecessary controversy on both sides. In the light of the whole record, none of the questions complained of could have affected the result of the trial.

It is next contended that the judgment should be reversed because of alleged improper remarks of the trial court during the progress of the trial. It may be the trial court in the heat of the controversy made a few remarks that should not have been made, but, if any misconduct was committed, it apparently was at the invitation in most instances of defendant's counsel. This court is not inclined to view with favor alleged misconduct of the trial court committed at the invitation of defendant's counsel. Klein v. State, 15 Okla. Cr. 350, 176 Pac. 414; Stiles v. State, 39 Okla. Cr. 173, 264 Pac. 226.

Where it is claimed that the remarks of the trial court were prejudicial to defendant, a motion should be interposed to withdraw such remarks from the consideration of the jury, and, if such motion is overruled, then proper exception should be taken to the court's action. In the case at bar, in no instance did counsel for defendant move the court to withdraw any remarks that he had made from the consideration of the jury. The most that counsel did was to make objection and save exceptions. This was not sufficient to raise the question in this court.

It is also contended the court erred in failing to instruct the jury on the defense of alibi. There was no request for any such instruction. The decisions of this court are to the effect that, where the defendant relies upon an alibi for a defense and requests an instruction on

such defense, it is error for the court to refuse to give the same. Courtney v. State, 10 Okla. Cr. 589, 140 Pac. 163.

But, on the other hand, although the defendant relies upon an alibi, but does not request an instruction on this subject and does not except to the action of the court in not charging an alibi, a conviction will not be reversed where such instruction is not given, unless it clearly appears from the record that the defendant was injured thereby. Inklebarger v. State, 8 Okla. Cr. 316, 127 Pac. 707; Spess v. State, 20 Okla. Cr. 94, 201 Pac. 395.

The case at bar is one in which there is a direct conflict as to the facts. There is no middle ground. The defendant was clearly proved to be guilty or he had absolutely nothing to do with the commission of the crime. The jury understood that issue and decided against defendant. It was so simple that any ordinary juror could have decided it without any instructions from the trial court. The only thing to decide was the credibility of the witnesses, and on that question the jury was fully instructed by the trial court.

The evidence being sufficient to support the verdict of the jury and no substantial error appearing upon the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.