**Norman Lee HEWES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–391.**

Court of Criminal Appeals of Oklahoma.

March 9, 1981.

D. C. Thomas, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Oklahoma, C. Elaine Alexander, Asst. Atty. Gen., for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

Norman Lee Hewes has appealed from his conviction of Manslaughter in the Second Degree in the District Court of Oklahoma County, in Case No. CRF–78–3180. He was originally charged with First Degree Manslaughter, but the trial court sustained his demurrer to the State's evidence and did not instruct the jury on that charge. The sole assignment of error on appeal is that the judge, upon sustaining the demurrer, should have recommended a verdict of not guilty, instead of giving the case to the jury on the lesser included offenses.

Title 22 O.S. 1971, § 850, is not mandatory. It provides that the trial court *may* advise the jury to acquit a defendant, not, as the appellant claims, that the court must do so. And this Court has repeatedly held that the trial judge should instruct the jury in all the degrees of a crime which the evidence tends to prove. See, for instance, *Watkins v. State*, 25 Okl.Cr. 10, 218 P. 895 (1923); and *Bailey v. State*, 536 P.2d 985 (Okl.Cr.1975).

When the trial court found that the State had failed to present a prima facie case on the crime charged, but had presented one on the lesser included offenses, he acted properly in advising the jury that they were to consider only those lesser offenses.

The judgment and sentence is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.